# WHEELING.

|  6 | 425 |
| 35 | 676 |
|  6 | 425 |
| 45 | 243 |

MᶜFARLAND & STEELE vs. PEABODY INSURANCE CO.    1873.
                                                June Term.

A. B. MᶜFARLAND AND JOHN A. STEELE, PARTNERS UNDER THE FIRM NAME OF MᶜFARLAND AND STEELE, PLAINTIFFS IN THE ACTION AND DEFENDANTS IN ERROR *against* THE PEABODY INSURANCE COMPANY, DEFENDANT IN THE ACTION AND PLAINTIFF IN ERROR.

Decided July 15th, 1873.

### SYLLABUS.

1. A provision in a policy of insurance that no action for loss or damage shall be sustainable, unless the same is brought within six months after the loss or damage shall occur, is valid.

2. The mere pendency of negotiations between the parties, or the fact that occasional interviews are had between the parties, in regard to the adjustment or settlement of a loss, will not in themselves operate as a waiver of the above provision, or be an equitable estoppel.

52

1873.
June Term.

3. In a policy insuring "manufactured barrels, and materials for same," the word "materials" means such as are necessarily or usually or commonly employed in their manufacture; and benzine, being prohibited by the policy, is not included as an article insured' or covered by the above language, in the absence of proof; nor could an insurance company have presumptive knowledge, that benzine was an article necessarily or commonly used in the manufacture of barrels.

4. A., who is not the agent of the insurance company, applies on behalf of B., for an insurance, and is told to send a form or copy of a policy, and a policy would be sent him. A. makes out and sends on behalf of B. an application, referring to a diagram and description of the property, upon which the policy issues. Under these circumstances, the application is wholly the act of B., or his agent. And a failure to state that in a building referred to in said diagram, and contiguous to the insured property, and used by B. for painting barrels, benzine was kept and used, avoids the policy; such fact being material to the risk under the terms of the policy.

The case is stated in the opinion of the Court.

*Wheat* and *Hutchinson* for Plaintiff in error.

*Sands* and *Boggess* for Defendants in error.

PAULL, Judge.

The Plaintiffs in this case brought suit on a policy of Insurance against the defendant, the Peabody Insurance Company, on the 22nd day of February 1871, being the day on which the writ of summons bears date. The property insured was situated in Parkersburg, West Virginia; and the policy of insurance bears date on the 24th day of February 1870, and was to continue in force for one year from that date, being unto the 24th day of February 1871.

The fire occurred on the 6th day of May 1870. Proofs of loss were made and sent to the company on the 16th day of May 1870, and by the terms of the policy, payment of losses was to be made in ninety days after the loss shall have been ascertained and proved.

The seventeenth condition of insurance, referred to in the body of said policy of insurance, expressly provided as

follows: " That no suit or action against said company, for the recovery of any claim upon, under or by virtue of this policy shall be sustainable in any court of law or chancery, unless such suit or action shall be commenced within the term of six months next after any loss or damage shall occur : and in case any such suit or action shall be commenced against said company after the expiration of six months next after such loss or damage shall have occurred, the lapse of time shall be taken and deemed as conclusive evidence against the validity of the claim thereby so attempted to be enforced." ·

1873.
June Term.

McFarland &
Steele
v.
Peabody
Insurance Co..

The Defendant offered to file a special plea, setting out the above provision of the policy, and averring that the suit was not commenced until after the expiration of six montns after the loss became payable· according to the terms and conditions of said policy.

To the filing of this plea, the Plaintiffs objected, and moved the Court to reject the same ; the motion was overruled, and the Plaintiffs excepted, and prayed that their exception might be made a part of the record in this cause, which was accordingly done. And thereupon the Plaintiffs replied generally.

The Defendant also filed a second special plea, setting up the terms and provisions of said policy, as contained and specified in the fourth condition annexed thereto, requiring that the application for insurance must specify certain matters therein particularly referred to and mentioned, connected with the property to be issued, as well as of surrounding, contiguous property, and in case of goods or merchandize, whether or not they are of the description denominated hazardous, as extra hazardous, or included in the memorandum of special rates, and providing that a false discription, by the assured, of the building or its contents, or the omission to make known any fact meterial to the risk, shall render absolutely void the policy issued upon such description. The plea then avers that a certain one story building referred to in the application of the Plaintiffs, and the diagram thereto at-

1873.
June Term.

McFarland &
Steele
v.
Peabody
Insurance Co.

tached, on which the aforesaid policy was issued, and being within one hundred feet of the property insured, was occupied by the Plaintiffs for storing empty barrels in; and that at the time of, and before, the burning and destruction of the property insured, the said building was used and occupied by the Plaintiffs for the painting of empty barrels; and that there was in said building a barrel containing benzine, one of the products of petroleum. The plea further avers that by the terms of the eighth condition referred to in said policy, it is provided that Defendant should not be liable for damages occasioned by the use of camphene, or burning fluid, coal oil, petroleum or any of their products, by whatever name designated, unless otherwise specially provided. The plea further avers that the painting of barrels, and the keeping, using or storing of benzine, (one of the products of petroleum) ware facts material to the risk insured against by the Defendant under and by virtue of said policy; and the omission to state such facts in the application of the Plaintiffs for said insurance, renders said policy thereupon issued absolutely void.

To this plea the Plaintiffs replied generally, and upon these pleas and the general issue the trial was had. It being agreed that under the general replications to the several pleas, either party might give in evidence any matter or thing, which might have been specially pleaded. After the introduction of all the testimony on either side, the Defendant demurred to the evidence; and the Court being of opinion that the matters shown in evidence to the jury were sufficient in law to maintain the issue on their part, judgment was rendered for the Plaintiffs for the amount of damages assessed by the jury in their verdict. From this judgment, thus rendered, by the Circuit Court on this 27th day of December 1871, the Defendant has appealed to this Court.

The first question arising upon this record, is the validity of the provision appearing in the seventeenth condition of the policy of insurance, which limits the

time in which an action may be brought for the recovery of any claim upon, under or by virtue of said policy to six months next after any loss or damage shall occur.

While this question is presented here for the first time in the history of this State, it is not new to the courts of many other States of the Union, where it has been expressly adjudicated and settled by their highest judicial tribunals. If this question was now presented, not only here but elsewhere, to the courts of the country for their determination, as an original question for the first time, it would be worthy of the gravest consideration. A reference now to the course of decisions on this subject is all that is intended. This question was first argued and decided in the Circuit Court of the United States for the second circuit at April term 1848, in the case of Cray *vs.* Hartford Fire Insurance Company, 1 Blachf. C. C., 280. The decision was rendered by Justice Nelson, sustaining the validity of a provision in the policy similar in its import to the one under consideration, and claiming that it was competent for the parties by a clause in their contract to limit the time within which an action should be brought, and that it interfered with no just rights or remedies of any other party.

In the case however of French *vs.* The Lafayette Insurance Company, 5 McLean C. C. 461, Justice McLean rendered a contrary decision, maintaining that such a provision was opposed to the policy of the law, and for other reasons stated in his opinion. I have seen it somewhere stated that he was not aware at the time of the decision of Justice Nelson, as he makes no allusion to it.

This case has been followed in Eagle Insurance Company *vs.* Lafayette Insurance Company by the Supreme Court of Indiana, reported in 9 Ind., 443. This is the only State in which this decision has been adopted. In the highest courts of all the other States, where the question has arisen, the validity of the provision has been

1873.
June Term.

McFarland &
Steele
v.
Peabody
Insurance Co.

1873.
June Term.

McFarland &
Steele
v.
Peabody
Insurance Co.

maintained. Among these States are New York, Massachusetts, Vermont, Pennsylvania, Ohio and Illinois. Ames *vs.* New York Union Insurance Company, 14 N. Y., 253. Ripley *vs.* The Ætna Insurance Company, 30 N. Y., 136. Jabez Amesbury and another *vs.* Bowditch Mutual Fire Insurance Company, 6 Gray (Mass.) 596. George L. Fullam *vs.* New York Union Insurance Company, 7 Gray, 61. Wilson vs. Ætna Insurance Company, 27 Verm. 99. N. W. Insurance Company *vs.* Phœnix Oil and Candle Company, 31 Pa. St. R., 449. Portage County Mutual Insuranc Company *vs.* Wests, 6 Ohio St. R. 599, Peoria Insurance Company *vs.* Whitchill, 25 Ill. 466.

These cases are sufficient to show the current of authorities in some of the different States. In addition to these, the Supreme Court of the United States has maintained the same doctrine, in the case of Riddlesbarger *vs.* Hartford Insurance Company, 7 Wall., 386. This case was decided in 1868. In view of this uniform ruling of all the States, with a single exception, for now nearly a quarter of a century, with the superadded authority of the Supreme Court of the Union, we must regard the principle as settled, and hold that the provision in question is valid. We deem it unnecessary here and now to state the grounds which have led the courts to sustain this view, as that would be merely to repeat again and again the reasons that are now perfectly familiar to the profession here and throughout the country.

We now pass to the second question arising upon the record, to-wit, that of waiver. And this we do under the principles or rules, well settled I believe, applicable to the examination of evidence on a demurrer to the same; It is claimed by the Plaintiffs that the Defendant has waived the benefit of this provision in this case. It is admitted, and is true, that this condition being for the benefit of the insurers the same may be waived at their pleasure. What amounts to a waiver must be determined by the circumstances of each particular case. In the

1873.
June Term.

McFarland &
Steele
v.
Peabody
Insurance Co.

case of Ripley *vs.* the Ætna Insurance Company, before cited, and to which the attention of this Court has been directed, as expressing the law upon this subject, it was held that a waiver to be operative must be supported by an agreement founded upon a valuable consideration, or the act relied on as a waiver must be such as to estop a party from insisting on performance of the contract, or forfeiture of the condition. In illustration of an estoppel the Court said in that case, that if a tenant agrees to pay rent on a day named, or his lease will be forfeited, and if the landlord agrees, without consideration, that he may pay after the day, and he by reason thereof omits to pay at the day, the landlord will be estopped from enforcing the forfeiture.

An agreement for consideration needs no illustration. The record discloses here but little testimony upon this subject. According to the construction given to such policies, the loss became due and payable on the 10th day of August 1870, and the time would expire, during which suit should be brought, on the 10th day of Fedruary 1871. The Defendant's agent visited Parkersburg a few days after the fire, and made an offer of compromise which was rejected. One of the Plaintiffs, afterwards, visited Wheeling, the latter part of May 1870, and inquired of the secretary and one of the directors of the company for information, and they remarked they would write to him as to what they intended to do ; but he never received any communication from them. Again on the 9th or 10th of January 1871, the Plaintiff was again in Wheeling, and was informed by the company, that as the Plaintiffs had brought suit, they preferred paying it at the end of a judgment. This is all the testimony, except a conversation had by one of the Plaintiffs with the company's counsel, in December 1870, in which he requested the Plaintiff to call at Wheeling, as he thought they would settle the matter. Without deciding whether the declaration of the company's counsel is competent testimony in this connection, we may remark that there is

1873.
June Term.

McFarland &
Steele
v.
Peabody
Insurance Co.

nothing in the evidence, taking it altogether, and refer-
ring to acts and declarations occuring several weeks be-
fore the time limited would expire, which can be at all
regarded as operating a waiver, or an equitable estoppel.
The mere pendency of negotiations, or the fact that oc-
casional interviews occurred between the parties in regard
to an adjustment or settlement of the claim, can have
no such effect, unless there was something said or done,
which was either designed, or fairly calculated to induce
in a party, the reasonable belief, on sufficient grounds,
not merely that a settlement might be effected, but that
the Insurers intended to waive the benefit of the provis-
ion.   The mere expression of an opinion by the counsel,
(for it was nothing more) that they would settle, and re-
questing the party to call, is nothing more than is im-
plied by the acts of the parties in attempting to negotiate
at all.   But the fact is, that the Plaintiffs had commenced
their action within the six months, and had thus conclu-
sively exprersed their belief that there was no waiver or
estoppel, and none intended.   This action was brought
in October 1870, and voluntarily dismised by the Plain-
tiffs on the 22nd day of February 1871.   The evidence
in regard to waiver cannot refer to this action, but must
have reference to the present action, which was commenced
on the 22nd day of February 1871, and which was prose-
cuted to judgment.   But as to this action there could be
no waiver, the Plaintiffs having been informed by the
company on the 9th or 10th of January preceding its com-
mencement, and at least one month before the six months
would expire, that payment of the claim would not be
made but at the end of a judgment; this was said at the
last interview between the parties.

It was suggested in argument, that the contract of
limitation contained in the policy, did not commence to
run until the 9th or 10th of January 1871, the date of
the last interview between the parties, and regarded as
the end of their negotiations. There is nothing however
to warrant such a suggestion. " The parties did not

1873.
June Term.

McFarland &
Steele .
v.
Peabody
Insurance Co.

agree to suspend legal remedies, to await the issue of these negotiations, and no such agreement is necessarily involved or implied therein, because they interposed no obstruction whatever to bringing the suit." This was the language of the court in the case of Gooden *vs.* Amoskeag Fire Insurance Company, 20 New Hampshire, 73; and is equally applicable here.

The decision of these two questions, the validity of the limitation clause, knowing the same to be valid, and that the same has not been waived by the Company, disposes of this case.

There is, however, one remaining question, to-wit: an alleged breach of warranty, set forth by the Company in its second special plea. The property, in part, that was insured, was a "Steam barrel factory, manufactured barrels and materials for same contained therein." A building contiguous to this factory was used by the Plaintiffs for the purpose of storing and painting empty barrels, and in this building, at the time of the fire, was a barrel containing benzine, one of the products of petroleum.

The 8th condition of the policy provides that the company shall not be liable for damages occasioned by the use of "Camphene or burning fluid, coal oil, petroleum or any of their products, by whatever names designated, *unless otherwise specially provided for.*" It is alleged that the painting of barrels, and the keeping and using of benzine in this building, were facts material to the risk; and the omission to state such facts in the application of the Plaintiffs, has rendered the policy void. The fire originated in this storing and painting room. To these suggestions of the plea, the Plaintiffs reply, first, that benzine was one of the materials expressly insured, and refer to the following words in support of this view, as found in the policy, to-wit: "Manufactured barrels and materials for same contained therein," and then prove that they were in the habit of painting barrels and using benzine in their manufacture, and consequently,

53

1873.
June Term.

McFarland &
Steele
v.
Peabody
Insurance Co.

that benzine was covered by the policy. I do not think, however, that this construction of the policy is correct; most obviously, in this connection, the word "materials" means such as are necessarily, usually or commonly used in the manufacture of barrels, and it was easy and competent for the Plaintiffs to make proof to this effect, if such usage or custom prevails.

The Plaintiffs reply, in the second place, that the Insurance Company is presumed to know that this article was employed in the manufacture of barrels, and is consequently precluded by this presumptive knowledge from resorting for protection to the eighth condition of the policy. This rule, however, only extends to such articles or materials as are usually, necessarily or commonly employed or used, or found in the property insured, or the business which is there carried on, and in connection therewith.

Lastly, the Plaintiffs reply, that the Company is concluded by the knowledge of their agents, who knew at the time the insurance was effected that these Plaintiffs were using paints and benzine in their business. This rule is correct; its effect, however, in the present case must depend upon the evidence. It appears that one of two persons, who were operating as insurance brokers, applied to the Plaintiffs for permission to effect an additional insurance for them upon their barrel factory; permission being had, he visited Wheeling, and applied to the secretary of the Defendant, and made known his wishes, describing the property as a steam barrel factory. The secretary answered, if he would go home and write or send him the form or copy of a policy, he would send him a policy for these parties, the present Plaintiffs. The testimony distinctly and clearly shows, that at this time neither of these insurance brokers was the agent, regular or otherwise, or in any way, of the Company. The above remark of the secretary is all that in any wise connects them with the Company, and I do not think it makes them the agents of the Company in any way

1873.
June Term.

McFarland &
Steele
v.
Peabody
Insurance Co.

or for any purpose whatever. Their subsequent acts in preparing the application, specifying the subjects of the insurance, and the amounts, making special reference to an application and diagram on file in the office of another company, and in addressing and forwarding the application to the Defendant are all the acts of these brokers, as agents of the Plaintiffs; these acts were all performed by them, without the knowledge of, or communication with the Defendant, who knew nothing of the application, or its contents, until received at Wheeling.

The policy in this case does not declare that the description and survey shall be taken and deemed to be part and portion of the policy issued thereon, and warranty on the part of the insured. This was the fact in the case of LeRoy and others vs. the Market Fire Insurance Company, of New York, and there the Court held that this language make them a part of the contract of the parties.

It is unneccessary to determine whether the survey and diagram, referred to in the application in the present case, is a part of the Plaintiffs' warranty, or not: if it is not a warranty, it is a representation. The keeping and using of benzine in this contiguous building was a fact, as we have seen, actually and presumptively unknown to the company; it is an article which was not and is not covered by the policy, and I think its presence there was a fact material to the risk, and should have been disclosed in the application, and the fact that it was not, is fatal to the policy. It is not necessary here to impute fraud or intended bad faith in any way to the Plaintiffs. They may not have known or supposed that such a statement was necessary; the application was not prepared by them, nor signed by them, but simply authorized, and they may not have been aware as to what was or was not fully embraced within its contents; the application was the work of their agents, who may also have designed no wrong. Still, the effect is the same. In sec. 3, 2 Duer on Insurance, it is said; "It is not necessary, in order to avoid the policy, that the misrepresentation of material facts, shall

1873.
June Term.

McFarland &
Steele
v.
Peabody
Insurance Co.

appear to have been intentional and fraudulent. Whether it resulted from design or from ignorance, mistake or inadvertence, the effect is the same. The reason is evident. The misrepresentation or concealment, from whatever cause it proceeded, alters the basis upon which, in the understanding of the parties, the contract was founded, and therefore vitiates that mutual consent which is essential to its validity. The contract, as it is sought to be enforced, is not that to which the assent of the parties was meant to be given." Had the company here possessed knowledge of the entire truth, when issuing the policy, we may well supposed that the contract either would not have been made, or a different rate of premium demanded. But the principle needs no further illustration; it is one of commanding importance in all matters of insurance, and should be faithfully observed.

The judgment in this case is reversed with costs and damages to the Defendant, and this Court proceeding to render such judgment as the Court below should have rendered, doth adjudge that the matters aforesaid, so shown in evidence to the jury by the said Plaintiffs, are not sufficient in law, to maintain the said issues on the part of the Plaintiffs, and that the said Defendant is not bound by the law of the land to answer the same; wherefore for want of sufficient matter in that behalf to the said jury shewn in evidence, the said Plaintiffs are barred from having or maintaining their aforesaid action thereof against it, and that said Defendant go thereof without day, and recover from the said Plaintiffs their costs about their defence in the Circuit Court expended.

HAYMOND, President, HOFFMAN and MOORE, Judges, concur in the foregoing opinion.