PORTER v. CASUALTY CO. OF AMERICA.

(Supreme Court, Appellate Term. January 4, 1911.)

1. ACTION (§ 53*)—SPLITTING CAUSE OF ACTION.

Under a health insurance policy, calling for payment of weekly in-demnity in case of total disability, not exceeding 26 consecutive weeks, and providing for written notice of death or disability as soon as possi-ble, and affirmative proof of disability within 2 months, that prelimi-nary proofs of blindness shall be furnished within 2 months, and final proof within 14 months from its beginning, and that legal proceedings for a recovery shall not be brought within 3 months from filing final proof, the insured was entitled, in event of disability, to recover the in-demnity by successive actions as it accrued; the provision as to final proof relating either to each installment or to proof of loss only in case of disability by blindness or paralysis.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 53.*]

2. INSURANCE (§ 146*)—CONSTRUCTION OF CONTRACT—STRICT CONSTRUCTION.

Where a policy of insurance, drawn by the insurer, is replete with technical terms, it must, in the event of ambiguity, be most strictly con-strued against him; he being the user of the language.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 292–298; Dec. Dig. § 146.*]

3. INSURANCE (§ 622*)—HEALTH INSURANCE—ACTIONS—LIMITATION AS TO TIME.

A clause in a health policy that payment for disability shall be lim-ited to 26 consecutive weeks for any one disease or illness, and that legal

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

proceedings shall not be brought after 6 months from the termination of the disability, must be construed to mean that limitations shall begin to run from the actual termination of the disability, and not from the expiration of 26 weeks, where the disability continues beyond that period.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 622.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Thomas J. Porter against the Casualty Company of America. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

See, also, 65 Misc. Rep. 485, 120 N. Y. Supp. 71.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Oscar B. Thomas, for appellant.

Ralph W. Botham (Theodore H. Lord, of counsel), for respondent.

BIJUR, J. This action is brought to recover a balance alleged to be due under the terms of a "disability policy" issued by the defendant. The first of two clauses of the policy involved in the present controversy, is: "K. Sickness Indemnity." This clause provides that, in the event of the assured's total disability by reason of sickness, the defendant will pay the minimum weekly indemnity, i. e., $25, and concludes with these words:

"But under no circumstances shall payment for disability be made for more than 26 consecutive weeks because of any one disease or illness."

The other clause is to be found among the "General Agreements," as:

"(1) Written notice of death or disability shall be given to the company, at its home office in New York City, as soon as it is reasonably possible to do so. Affirmative proof of death, loss of limb or sight, or duration of disability, must be furnished to the company within two months of the time of death, loss of limb or sight, or termination of disability. Preliminary proofs of blindness or paralysis must be furnished to the company within two months, and affirmative final proof within fourteen months, from beginning of total blindness or paralyis. Legal proceedings for recovery hereunder shall not be brought within three months from date of filing final proof at the company's home office, or brought at all after six months from the time of death, loss of limb or sight, or termination of disability, or after eighteen months from the beginning of total blindness or paralysis. Claims not brought as herein required shall be forfeited to the company, except as otherwise provided by the statutes of the state named and the schedule or warranties as the residence of the assured."

For the purpose of this action, the facts are practically stipulated. The policy was to be in force from August 1, 1907, to August 1, 1908. The plaintiff was totally disabled by reason of illness from September 24, 1907, until January, 1909. In February, 1908, he commenced an action in the Supreme Court against the defendant to recover $500, representing 20 weeks' indemnity. Defendant's attorney, in open court, consented to a judgment for that amount.

On March 16, 1909, plaintiff began this action in the Municipal Court to recover the indemnity for the remaining six weeks. It was

decided in defendant's favor, on the ground that the recovery in the Supreme Court action constituted a bar to the present action. On appeal to this court, the judgment was reversed (65 Misc. Rep. 485, 120 N. Y. Supp. 71), because each default in the payment of the weekly indemnity might be the subject of an independent action, and therefore the judgment for 20 installments then accrued was no bar to the present suit for the remaining 6 installments which thereafter became due. The opinion, however, concluded thus:

"When the entire policy is before the court, there may be discovered other provisions inconsistent with the construction we now place upon the portion of it before us, or that may constitute a defense to the action on the ground that it was not begun soon enough; but, as the policy was not placed in evidence, such points cannot be determined on this appeal."

The defendant respondent seeks to justify the judgment in its favor now appealed from on three points:

First. That, under the policy now in evidence, a continuous period of disability, due to a single producing cause, can be the subject of only one action. It points to the provision that legal proceedings shall not be brought within three months from the date of the filing of the final proof of loss, as requiring the interpretation that there can be but one final proof of loss, and that only after the entire loss has occurred. But this practically begs the question; for, if the contract is to pay a weekly indemnity in weekly installments, there may be a "final" proof as to each weekly loss. Moreover, I have serious doubt whether the term "final proof" has any reference to proof of loss in case of sickness disability. The correlative terms, "preliminary proof of loss" and "final proof of loss," are used only in connection with blindness and paralysis in the preceding sentence, and I find no reason for applying that term, when used in the sentence now under consideration, as referring to anything other than a case of blindness or paralysis. The policy is drawn by the insurer, and is replete with technical terms of great complication. Under familiar principles, it must necessarily be construed, if there be doubt, ambiguity, or uncertainty, against the insurer and in favor of the assured.

In passing, it should be noted that in less than eight lines of print, in this section of the policy, there are mentioned, without further definition (and I may add, quite beyond my power to understand), five varieties of "proof," viz., proof, preliminary proof, affirmative proof, final proof, and affirmative final proof.

Respondent's second point is that the plaintiff, having pleaded in the Supreme Court action that he had "duly performed" all the conditions of the said policy, has virtually pleaded that he filed final proof of loss, since no legal proceedings can be instituted until after such proof. This point practically stands or falls with the first one, and, as I have disposed of the first adversely to respondent's contentions, the same is true of this one.

His third point is that, under the provisions of the same clause, legal proceedings cannot be brought after six months from the termination of the disability. This, respondent insists, refers to the termination of so much of the disability as is indemnified by the policy, namely,

26 weeks, which, in the case at bar, would have expired on April 2, 1908. But, if this construction (in which the learned trial judge concurred) be adopted, we might well ask, What is the particular period of disability for which the defendant contracts to pay the indemnity? if, as respondent claims, its liability is a whole to indemnify the assured for a disability as a whole, not, however, to exceed a period of 26 continuous weeks are the first 26 weeks of an assured's disability. The learned trial judge says, in his opinion:

"That under the policy for practical purposes, though the plaintiff may have been ill for the longer period, his disability ceased on April 2, 1908,"

I do not understand the significance of his qualification "for practical purposes." It seems to me rather that, for obvious reasons and for the practical purposes of the situation disclosed in this case, the clause means just what it says, and that it was not intended, and it would not be fair to expect, that this short limitation should run against the assured to prevent his bringing an action for the indemnity agreed to be paid him, until his entire disability shall have been terminated.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.