# CHARLESTON.

E. R. MILLS *v.* INDEMNITY INSURANCE COMPANY
OF NORTH AMERICA

(No. 6396)

Submitted November 21, 1929.   Decided December 3, 1929.

318

*Robert H. C. Kay, Price, Smith & Spilman* and *J. M. Woods,* for plaintiff in error.

*Henry S. Cato* and *Rummel, Blagg & Stone,* for defendant in error.

WOODS, PRESIDENT:

The plaintiff after obtaining a contract with the county court of Cabell county to build a bridge across the Guyandotte River at Roach, sub-let a portion of the work to Metal Products Company. The Metal Products Company gave Mills a bond, with defendant company as surety, which provided "that if the principal shall indemnify the obligee against loss or damage directly caused by the failure of the principal to faithfully perform said contract, then this obligation shall be null and void; otherwise remain in full force and effect." The bond also provided that "No action, suit or proceeding shall be had or maintained against the surety

under this bond unless it shall be brought or instituted and process served upon the surety within six months after date, time or period fixed in the contract for the completion of the work specified therein.''

The Metal Products Company began the construction of the bridge and continued until July, 1926, when it became insolvent and a receiver was appointed for all of its assets. The Indemnity Insurance Company, the defendant here, promptly notified Mills that it did not elect to assume the contract. Mills proceeded to put in the middle span of the bridge, which remained to be completed. About two and one-half weeks after he had begun, high waters came and washed out the ''false work'', entailing a loss of $1,316.18. The work was completed on or before the 15th day of November, 1926.

The present suit was instituted on the 21st day of March, 1928,—a year and four months after the completion of the work—to recover $5,700.00 damages, attributable to the high water and the failure of the Metal Products Company to complete the work. Defendant filed its plea of ''conditions performed'', but, on objection of the plaintiff, was not permitted to file its special pleas Nos. 1 and 2. These pleas alleged the express precedent condition heretofore quoted, which barred any suit upon the bond unless it should be brought within six months after the date, time or period fixed in the contract for the completion of the work specified therein, and further, that by virtue of section 48, chapter 34, Code, that the six months' period had been extended to one year, from the time when the loss insured against by said bond should occur. Each sets up the default of Metal Products Company in July, and the completion of the work by the plaintiff on or before November 15, 1926.

The refusal to permit the filing of the two special pleas is advanced by the defendant as one of the grounds of error.

Stipulations providing a shorter term within which suit must be brought than that provided by the statute of limitations are valid. *McFarland* v. *Insurance Co.,* 6 W. Va. 425. See *Elkins* v. *Railway Co.,* 87 W. Va. 350, and cases there cited. It is argued by counsel for the plaintiff that the limi-

tation clause in the bond in the instant case falls for want of a definite time at which to begin. The contract requires the contractor promptly to begin the work upon the receipt of the materials and to prosecute the same in a diligent manner. It therefore contemplates a completion within a reasonable time. It is reasonable to presume that the parties to the bond intended some force to be given to the six months limitation clause. And this Court will look to the contract and the bond given in pursuance thereof, and, if possible, give such construction to both that each clause shall have some effect and perform some office. 6 R. C. L., sec. 227. Invoking the foregoing principle, and giving the limitation an interpretation most favorable to the obligee (plaintiff), it would begin to run from the completion of the work set out in the contract, to-wit, November 15, 1926. In other words, Mills' right to institute his action under the terms of the bond expired May 15, 1927.

But section 48, chapter 34, Code, is incorporated in the pleas. This statute provides: ''No insurance company shall limit the terms within which any suit shall be brought against it to a period less than one year from the time when the loss insured against shall occur.'' The plaintiff contends that it does not apply to surety companies, and should the Court find the contrary, that the six months limitation being in conflict therewith is void, thus leaving only the ten year limitation applicable. It has been held that where a statute fixes a minimum time, less than which no insurance company may make any contractual limitation, the effect of the statute is to prolong a shorter time fixed in the contract to the minimum fixed by the statute. See *Smith* v. *Insurance Co.*, 112 Va. 192; *Scholz* v. *Insurance Co.*, 145 Va. 694; *Dixie Fire Insurance Co.* v. *Bonding Co.*, 162 N. C. 384; *Lowe* v. *Mutual Accident Ass'n.*, 115 N. C. 18; *Modlin* v. *Fire Insurance Co.*, 151 N. C. 35; *Insurance Co.* v. *Brim*, (Ind.) 12 N. E. 315. We are of opinion that the statute heretofore quoted has the effect of extending any limitation to which it might apply, rather than rendering the same void and of no effect. But, as to whether this statute does apply to surety companies, such as the defendant, or only to life, fire and accident insurance,

we are not now called upon to decide, since over a year has expired since the loss insured against occurred.

Under our view of the case, the limitation clause in the surety bond would be good in the event the statute did or did not apply. The action of the trial court in refusing to file the pleas was therefore erroneous.

*Reversed and remanded.*