ROBERT HOLLAND *v.* PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY

(No. 8804)

Submitted September 28, 1938. Decided October 25, 1938.

*Howard & Howard,* for plaintiff in error.

*Sale, St. Clair & Sale* and *Graham Sale, Jr.,* for defendant in error.

RILEY, JUDGE:

The plaintiff, an insured under a certain group policy issued to the Pocahontas Corporation, his employer, by defendant company, prosecutes error to a judgment of the circuit court of McDowell County, setting aside a verdict in his favor and awarding defendant a new trial.

The master policy and the individual certificate declared on, both bearing date January 1, 1932, provide. among other things, that the defendant will pay the insured, in event of disability resulting from occupational and non-occupational injuries, $20.00 and $40.00, respectively, per month, for the period of time insured is totally and continuously disabled and prevented from

performing every duty pertaining to his occupation, but not exceeding a limit of thirty-nine months; and in event of disability due to sickness or disease which is contracted and begins ten days after the effective date of said certificate, $40.00 per month, for the period of time the insured is totally and continuously disabled and prevented from performing every duty pertaining to said occupation, for a period not to exceed nine months. Also, that all insurance shall cease when any premium payments are not paid covering the period in which disability begins or loss occurs; and that no legal proceedings shall be brought until after ninety days from date of filing proof with the company, nor brought at all unless begun within six months from "the termination of the period of disability for which claim for indemnity is made." Issuance of the certificate was not dependent upon the state of plaintiff's health or physical condition, the only requirement being that plaintiff should be an employee of the Pocahontas Corporation and agree to pay the insurance premiums.

On June 20, 1932, the plaintiff reported for work as was customary, and was carried into the mine on the man-trip. In attempting to let a motor pass, while walking to his working place, plaintiff's left foot was caught under the motor and badly mashed. He was immediately taken to a hospital where the front part of his foot was amputated. A routine examination of his eyes, at the time of admission to the hospital, showed that the left had only light reaction, and the right, only vision enough to count fingers at eighteen inches. Plaintiff, however, testified that, at the time of the accident, he could see well enough to work; that he could see his "check numbers and everything."

Claims were submitted and paid at $20.00 per month, on the basis of the foot injury, over a period of ten months, the last of which bore date April 25, 1933. On July 17, 1933, the company doctor, who had executed the physician's reports accompanying former claims, filed a report wherein he stated that claimant was disabled

by reason of "Hypertension and defective vision (almost blind in both eyes)", no mention being made of the foot injury. Premiums were paid up to and including September, 1933, and would have been continued, according to plaintiff, if the defendant had continued disability payments under the policy.

On April 17, 1935, a proof of claim, accompanied by a report by Dr. Craighead, was filed. After some correspondence, the company, in an effort to effect a settlement, presented a draft, bearing date December 17, 1935, for $360.00 to plaintiff. On the back thereof and above the space for the indorsement was printed a general release. The company wrote a letter January 28, 1936, asking return of the draft, if not satisfactory, and stating if same was not presented for payment during the current week, that payment thereon would be stopped. In August, 1937, notice of motion was filed, returnable September 6, 1937.

In his notice of motion for judgment, plaintiff made claim for thirty-nine months' disability, due to non-occupational injury, at $40.00 per month, less the $200.00 paid by the defendant, and for nine months' disability benefits, due to loss of sight, at $40.00, a total of $1720.00. The jury's verdict was for the amount declared on.

The trial court, under authority of *Mills* v. *Indemnity Ins. Company*, 108 W. Va. 317, 150 S. E. 718, read one year into the six months' limitation provision, and declared plaintiff's claims barred, since legal proceedings had not been brought within one year after the cause of action arose.

Plaintiff challenges the correctness of the rule enunciated in the *Mills* case, whereby, in syllabus two, the Court held that Code (1923), chap. 34, sec. 48 (1931, 33-2-29), providing that "No insurance company shall limit the term within which any suit shall be brought against it to a period less than one year from the time when the loss insured against shall occur" did not void a six months' limitation clause, but simply extended the same

to one year. He asks that the foregoing holding be overruled, and that the six months' limitation clause in the instant case be declared void, as in derogation of the statute aforesaid. Citing, in support, 6 R. C. L., 699, sec. 105; Note, 112 A. L. R. 1288. Such action would render the general statute of limitations relating to contracts applicable.

We are not inclined to withdraw from the position taken in the *Mills* case. The statute involved therein imposed no penalty. It did not provide that the insertion of a shorter period should void the limitation, thus restoring the limitation applicable to contracts generally. The Court recognizing the necessity for, and the right of parties to agree to, shorter limitation periods, providing the same are reasonable in insurance contracts (*McFarland & Steel* v. *Peabody Ins. Co.*, 6 W. Va. 425; *McFarland & Steel* v. *Aetna Fire & Marine Ins. Co.*, 6 W. Va. 437), merely extended the contractual period so as to conform to law. It is interesting to note that the act incorporating the limitation provision involved (Acts Legislature 1907, chap. 77) also adopted the form of fire policy then used by fire insurance companies incorporated under the laws of the state of New York. The one year limitation clause included in the New York form at that time is practically identical with the clause in our present statutory form (Code, 33-4-7).

Plaintiff takes the further position that his notice of motion was in time, although the one year be read into the limitation provision. In other words, he says that under the terms of the policy, he is not limited to the first thirty-nine months, but inasmuch as he is still totally disabled, he may choose the last thirty-nine prior to the institution of legal proceedings. In support of this position he cites *Porter* v. *Casualty Co.*, 70 Misc. Rep. 246, 126 N. Y. S. 669, which involved a health insurance policy, calling for payment of weekly indemnity in case of total disability, not exceeding twenty-six consecutive weeks. The court there held the provision that legal proceedings should not be brought after six months from

"termination of the disability", must be construed to mean that limitations shall begin to run from the actual termination of the disability, and not from the expiration of twenty-six weeks, where the disability continues beyond that period. The language in the instant case is much more specific. The limitation involved here begins to run from "the termination of the period of disability for which claim for indemnity is made." Any recovery, as we read the policy, is, therefore, limited to the period immediately following the injury or disease.

Assuming plaintiff has continued totally and continuously disabled since his injury June 20, 1932, the cause of action did not accrue until September, 1935 (thirty-nine months thereafter). *Hollingsworth* v. *Provident Life and Accident Ins. Co.*, 112 W. Va. 629, 166 S. E. 276. Or, if we take the ninety-day provision into account (*Hogl* v. *Aachen Insurance Co.*, 65 W. Va. 437, 64 S. E. 441, 131 Am. St. Rep. 972), not until December, 1935. The limitation therefore expired one year thereafter, i.e., December, 1936, about eight months prior to the filing of this motion.

If the insurer could, under the policy, be held liable to the insured for payment of indemnity under both the accident and health provisions at one and the same time, an unwarranted interpretation, the two causes would accrue thereunder independently of one another, with reference to the dates of the accident (June 20, 1932) and the blindness (between April 25th and July 17, 1933), respectively. And, being independent of one another, in no event would the insured be permitted under the terms of the policy to delay the second liability in point of time. In other words, the thirty-nine and the nine months could not be added together for the purpose of bringing the last installment within one year of the institution of legal proceedings.

The record contains no evidence of fraud, misrepresentation or effort to delay the plaintiff in the prosecution of his claim such as would provide a waiver of the limitation clause in the policy. Nothing was done at any

time to prevent the plaintiff from suing. The letter of January 28, 1936, was in itself an unequivocal denial of liability. *Thompson* v. *Whitaker Iron Co.*, 41 W. Va. 574, 23 S. E. 795.

On the record made, we are of opinion that the judgment should be affirmed.

*Affirmed.*