**Billy BEASLEY, et al., Plaintiffs,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant.**

**No. CIV.A.5:01–1082.**

United States District Court,
S.D. West Virginia,
Beckley Division.

Feb. 14, 2002.

Christopher S. Morehead, Linda Nelson Garrett, PLLC, Summersville, WV, for Plaintiffs.

Brent Karleton Kesner, Tanya Mendez Kesner, Kesner, Kesner & Bramble, Charleston, WV, for Defendant.

---

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Defendant Allstate Insurance Company's motion to dismiss. The Court **DENIES** the motion as to Count One and **DENIES** the motion without prejudice as to Count Two.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In late January or early February 1998, a winter storm caused snow to accumulate and damage the roof of Plaintiffs Billy and Sharon Beasley's home. At that time, the Beasleys were covered by a homeowners policy issued by Allstate.

On April 13, 1999 the Beasleys filed a claim under the policy. On May 10, 1999 Allstate denied the claim based on an engineer's report. On May 18, 1999 the Beasleys sought reconsideration. On June 4, 1999 Allstate affirmed the denial.

The Beasleys subsequently hired their own engineer, who concluded snow accumulation damaged the roof. On June 17, 1999 Allstate sent its engineer back for further analysis. On September 14, 1999 the Beasleys sought reconsideration anew. Reconsideration, however, was again denied. On September 30, 1999 the claims denial became final.

On October 22, 2001 Plaintiffs instituted this action. Count One alleges a coverage claim under the policy. Count Two alleges a violation of the Unfair Trade Practices Act, *West Virginia Code* § 33–11–4(9). Section I of the Policy states:

> 12. **Suit Against Us**
>
> No suit or action may be brought against us unless there has been full compliance with all policy terms. *Any suit or action must be brought within one year after the inception of loss or damage.*

(Ex. A at 25, Def.'s Mot. to Dismiss (emphasis added)). The one-year Policy limitation provision, however, is trumped in part by *West Virginia Code* § 33–6–14:

> No policy delivered or issued for delivery in West Virginia and covering a subject of insurance resident ... shall contain any condition ... limiting the time within which an action may be brought to a period of less than two years from the time the cause of action accrues in connection with all insurances other than marine insurances.... Any such condition ... shall be void, but such voidance shall not affect the validity of the other provisions of the policy....

*Id.*

Based on these two provisions, Allstate asserts the Beasleys coverage claim is untimely, because it was filed two years after the date it accrued. Assuming Count One to be untimely, Allstate further seeks dismissal of Count Two asserting (1) a statutory bad faith claim cannot be advanced absent successful prosecution of the underlying coverage claim; and (2) the claim in Count Two is untimely as well. The Beasleys assert (1) the one-year policy limitations period is void and, absent another valid provision, the ten (10) year contract statute of limitation fills the void by operation of law; and (2) a one-year limitation period applies to Count Two, and it has yet to accrue.

## II. DISCUSSION

### A. Governing Standard

Our Court of Appeals has often stated the settled standard governing the disposition of a motion to dismiss pursuant to *Rule* 12(b)(6), *Federal Rules of Civil Procedure:*

> In general, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the

plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.

*Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993) (citations omitted); *see also Brooks v. City of Winston–Salem*, 85 F.3d 178, 181 (4th Cir. 1996); *Gardner v. E.I. Dupont De Nemours and Co.*, 939 F.Supp. 471, 475 (S.D.W.Va.1996).

### B. Disposition of Count One

The central issue is how one fills the limitations void created by *West Virginia Code* § 33–6–14. If an offending policy provision appears, such as in paragraph 12, is it merely extended by operation of law to the two year statutory minimum or, instead, is it void initially, thus resulting in an absence of any contractual limitations provision?

 Beginning with the statutory language, Section 33–6–14 prohibits most insurance policies from including a limitation provision of less than two years. If the statutory minimum is violated, Section 33–6–14 comes into play to "void" the offending provision without "affect[ing] the validity of the other provisions of the policy." *Id.* Nowhere, however, does Section 33–6–14 require use of a two-year limitations provision. It simply prohibits the parties from inserting a limitations provision below the two-year floor.

Allstate asserts to the contrary, citing *Meadows v. Employers' Fire Insurance*

*Co.*, 171 W.Va. 337, 298 S.E.2d 874 (1982). The Supreme Court of Appeals in *Meadows* observed, without citation to supporting authority:

Finally, we believe that the enactment of W. Va.Code, 33–6–14 (1957), and its forerunner, W. Va.Code, 33–2–29 (1931), both of which dealt with limiting the time for bringing suits, *indicates that the Legislature did not intend to have the general contract statute of limitations of W. Va.Code, 55–2–6 (1923), apply to insurance policies.*

*Id.* at 339, 298 S.E.2d at 876 (emphasis added).

First, the language in *Meadows* is dicta. It was unnecessary to the resolution of the case and it appears nowhere in the syllabus.[1] Second, at issue in *Meadows* was appellant's contention the ten-year general statute of limitations on written contracts should apply to actions on the West Virginia standard fire policy. That argument ran counter to the explicit language in the legislatively adopted standard policy providing "No suit or action on this policy for the recovery of any claim shall be sustainable ... unless commenced within twelve months next after inception of the loss." *Id.* at 339, 298 S.E.2d at 876 n. 7.

Third, the statement in *Meadows* appears at odds with two earlier cases not discussed by the parties and not cited in *Meadows*. In *Holland v. Provident Life & Accident Insurance Co.*, 120 W.Va. 526, 199 S.E. 869 (1938) and *Mills v. Indemnity Insurance Company*, 108 W.Va. 317, 150 S.E. 718 (1929), the West Virginia Court examined the forerunner to Section 33–6–

---

**1.** The Court is also aware of a one-sentence footnote in *Chamberlaine & Flowers, Inc. v. Smith Contracting, Inc.*, 176 W.Va. 39, 41, 341 S.E.2d 414, 417 n. 2 (1986), stating "The limitations period on casualty insurance is two years, *see* W. Va.Code § 33–6–14 (1982), thus allowing the appellant to maintain its contract action." This language too is dicta.

In *Smith,* prior to making this statement, the Supreme Court of Appeals approved the parties' one-year contractual limitations period for the marine insurance at issue. The West Virginia Court explicitly concluded it would be incorrect to treat the insurance involved as casualty insurance.

14, *West Virginia Code* § 33–2–29.[2] Section 33–2–29 provided:

No insurance company shall limit the term within which any suit shall be brought against it to a period less than one year from the time when the loss insured against shall occur.

W. Va.Code § 33–2–29 (1931).

*Mills* involved a surety bond. The bond contained the following provision: " 'No action, suit or proceeding shall be had or maintained against the surety under this bond unless it shall be brought or instituted and process served upon the surety within six months after date, time or period fixed in the contract for the completion of the work specified therein.' " *Id.* at 318–19, 150 S.E. at 718. In commenting on the effect of Section 33–2–29 on the contractual limitation period, the Supreme Court of Appeals held:

We are of [the] opinion that the statute heretofore quoted has the effect of *extending any limitation to which it might apply, rather than rendering the same void and of no effect.*

*Id.* at 320, 150 S.E. at 719 (emphasis added).

The West Virginia Court revisited *Mills* nearly a decade later in *Holland.* In *Holland,* the contractual limitations period provided "no legal proceedings shall be brought ... unless begun within six months from 'the termination of the period of disability for which claim for indemnity is made.' " *Holland,* 120 W.Va. at 528, 199 S.E. at 869–70. The Circuit Court of McDowell County relied on *Mills,* read into the six-month limitation provision a one-year period instead, and held appellant's claims barred. On appeal, the West

Virginia Court summarized appellant's argument:

[Appellant] challenges the correctness of the rule enunciated in the *Mills* Case, whereby, in syllabus 2, the Court held that Code (1923), chap. 34, sec. 48 (Code 1931, 33–2–29), providing that "No insurance company shall limit the term within which any suit shall be brought against it to a period less than one year from the time when the loss insured against shall occur" *did not void* a six months' limitation clause, but simply extended the same to one year. He asks that the foregoing holding be overruled, and that the six months' limitation clause in the instant case be declared void, as in derogation of the statute aforesaid. *Such action would render the general statute of limitations relating to contracts applicable.*

*Id.* at 529–30, 199 S.E. at 870 (emphasis added). In rejecting the argument, the Supreme Court of Appeals reiterated the wisdom of *Mills* based on the statute as it then read:

We are not inclined to withdraw from the position taken in the *Mills* Case. The statute involved therein *imposed no penalty. It did not provide that the insertion of a shorter period should void the limitation, thus restoring the limitation applicable to contracts generally.* The Court recognizing the necessity for, and the right of parties to agree to, shorter limitation periods, providing the same are reasonable in insurance contracts, merely extended the contractual period so as to conform to law.

*Id.* at 530, 199 S.E. at 870 (emphasis added).[3]

---

**2.** Section 33–2–29, under various headings, has been a part of the *West Virginia Code* since at least 1907.

**3.** Interestingly, just ten months prior to *Meadows,* the undersigned, sitting in the Northern

District of West Virginia, stated as follows without reference to either *Mills* or *Holland:*

Plaintiffs take this position in an effort to come within the provisions of W. Va.Code § 33–6–14, *which would void the twelve month limitation period, leaving only the ten*

In 1957, the Legislature substantially rewrote the *Code* provisions governing insurance. In the process, Section 33–2–9 was redesignated to Section 33–6–14 to provide:

> ***Policy Restrictions Voided.***—No policy delivered or issued for delivery in West Virginia and covering a subject of insurance resident ... in West Virginia, shall contain any condition ... limiting the time within which an action may be brought to a period of less than two years from the time the cause of action accrues in connection with all insurances .... *Any such condition ... shall be void ....*

W. Va.Code § 33–6–14 (1957).

The addition to the statute voiding impermissible limitation periods is of great significance. The Supreme Court of Appeals has observed on several occasions "The Legislature is presumed to know the state of existing relevant law when it enacts or amends a statute." *See, e.g., Pullano v. City of Bluefield,* 176 W.Va. 198, 206, 342 S.E.2d 164, 172 (1986); *Marion v. Chandler,* 139 W.Va. 596, 605, 81 S.E.2d 89, 94 (1954). Both *Mills* and *Holland* were part of the *corpus juris* when the Legislature inserted the new provision in the statute voiding contrary limitation provisions. Hence, contrary to the dicta in *Meadows,* lawmakers were presumed to know that the voiding of offending provisions would result in the general contract limitations period coming into play to fill the void.

Based on the foregoing, the ten-year limitation period in *West Virginia Code* § 55–2–6 applies. Accordingly, the Beasleys instituted this action seasonably. Allstate's motion to dismiss Count One is **DENIED.**

---

year statute of limitation on the commencement of an action on a written contract. *See* W. Va.Code § 55–2–6.

After consideration of the applicable factors, the Court further **BIFURCATES** the coverage claim in Count One from the Unfair Trade Practices Act claim in Count Two. If the Beasleys prevail on Count One, and there remains at that time a live limitations challenge to Count Two, the Court will resolve the issue. For now, however, the motion to dismiss Count Two is **DENIED** without prejudice.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and to publish a copy on the Court's website at www.wvsd.uscourts.gov.

*Prete v. Royal Globe Ins. Co.,* 533 F.Supp. 332, 335 n. 9 (N.D.W.Va.1982)(emphasis added). That prediction, too, was not a direct holding.