**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

**State of West Virginia ex rel.
Erie Insurance Property and Casualty
Company,
Petitioner**

**FILED**

**June 13, 2016**

**released at 3:00 p.m.**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 15-0968** (Wood County 15-C-325)

**The Honorable J.D. Beane, Judge of the
Circuit Court of Wood County; David
Chedester, and Joyce Chedester,
Respondents**

## MEMORANDUM DECISION

Petitioner Erie Insurance Property and Casualty Company ("Erie"), by counsel Laurie C. Barbe, Chelsea V. Prince, and Amy M. Smith, seeks a writ of prohibition to prevent the Circuit Court of Wood County from enforcing its August 28, 2015, order denying Erie's motion to dismiss breach of contract and common law bad faith claims brought against it by Respondents David Chedester and Joyce Chedester, by counsel James I. Stealey and Todd Wiseman.

This Court has considered the parties' briefs, their oral arguments, and the record on appeal. Upon consideration of the standard of review, the briefs, oral argument, and the record presented, the Court finds no substantial question of law and no clear error. For these reasons, a memorandum decision denying Erie's petition for a writ of prohibition is appropriate under Rule 21 of the Rules of Appellate Procedure.

## I. FACTUAL AND PROCEDURAL HISTORY

On or about April 24, 2013, the Chedesters submitted a property damage claim to Erie under the insurance policy that they purchased from Erie. The policy is called an Extracover Home Protector Policy and is a multi-peril homeowners policy. It contains property protection coverage for damage from various perils to the insureds' dwelling, other structures, personal property, and for loss of use. The policy also provides home and family liability protection coverage which pays sums that the insureds become legally obligated to pay to others as damages. The property protection portion of the policy includes a provision that limits the time in which a suit may be brought stating that "[Erie] may not be sued unless there is full compliance with all the terms of this policy. Suit must be brought within one year . . . after the loss or damage occurs."

1

The Chedesters filed a claim under the policy asserting that heavy snow during the preceding winter caused damage to their home. Erie retained a structural engineer who inspected the property and reported that improper construction methods and poor workmanship as well as heavy snow loads caused the home's damage. By letter dated May 10, 2013, Erie informed the Chedesters that their property damage claim was denied citing limitations and exclusions in the insurance policy.

After the initial denial of the Chedesters' claim, the Chedesters continued to communicate with Erie, but Erie again informed the Chedesters on June 12, 2013, that their claims were denied. On November 11, 2013, the Chedesters had their home inspected by an engineer and submitted the engineer's findings to Erie, but Erie again denied the claim.

On June 3, 2015, the Chedesters filed their complaint against Erie in which they alleged causes of action for, *inter alia*, breach of contract and common law bad faith. Erie filed a motion to dismiss the Chedesters' complaint in which it relied on the one-year limitation of suit provision in the insurance policy set forth above.[1]  According to Erie, because the Chedesters' loss occurred no later than April 2013, coverage was denied on May 10, 2013, and the Chedesters' complaint was filed on June 3, 2015, the Chedesters' claim is time barred and should be dismissed.

In its order denying Erie's motion to dismiss, the circuit court rejected Erie's argument and found that the one-year limitation of suit provision in the insurance policy is invalid under W. Va. Code § 33-6-14 (1957) which prohibits insurance policies in West Virginia, with the exception of the standard fire insurance policy, from containing a provision limiting the time within which an action may be brought to a period of less than two years from the time the cause of action accrues. The circuit court essentially ruled that the subject insurance policy is not a standard fire insurance policy for the purpose of W. Va. Code § 33-6-14 and that because the one-year limitation of suit provision is void, the Chedesters' claim for breach of contract is governed by the ten-year statute of limitations which is generally applicable to contract actions.

The circuit court further found that the Chedesters' claim for common law bad faith does not accrue until the underlying coverage issues are resolved so that should the Chedesters prevail on their coverage claims they would then have one year in which to

_____

[1] Erie's motion to dismiss pertained to the Chedesters' claims in their complaint for breach of contract in Count I, reasonable expectations in Count II, unfair trade practice violations in Count III, and common law bad faith violations in Count IV. During the pendency of this appeal, the parties stipulated to the voluntary dismissal of the claim for unfair trade practice violations in Count III. Regarding the claim for reasonable expectations, see note 2 *infra.*

bring their derivative bad faith claim. Erie now challenges the circuit court's order in its petition for a writ of prohibition.

## II. ANALYSIS

Erie seeks a writ of prohibition from this Court on the basis that the circuit court exceeded its legitimate powers in ruling that the one-year limitation of suit provision in the insurance policy is invalid and in consequently denying Erie's motion to dismiss the Chedesters' complaint. This Court has held:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996). We will now proceed to consider the issues in this case in light of these five factors giving special consideration to whether the circuit court committed clear error.

### A. *Statute of Limitation on the Contract Action*

Erie makes several challenges to the circuit court's order. Initially, Erie asserts that the circuit court erred in ruling that the one-year limitation of suit provision in the property protection section of the subject insurance policy is void.[2] In West Virginia,

---

[2] The Chedesters brought claims for both breach of contract and reasonable expectations as separate counts in their complaint. This Court wishes to clarify that the doctrine of reasonable expectations is not a stand-alone cause of action but rather a rule

3

insurance policies may not "contain any condition, stipulation or agreement . . . limiting the time within which an action may be brought to a period of less than two years from the time the cause of action accrues" except in very limited circumstances. W. Va. Code § 33-6-14 (1957). "Any such condition, stipulation or agreement shall be void . . . ." *Id.* One exception to the two-year minimum limitation on bringing an action is where the policy or a portion thereof constitutes a "standard fire insurance policy." *Id.*; *see also* W. Va. Code § 33-17-2 (providing that "the New York standard fire policy, edition of one thousand nine hundred forty-three" is "designated as the West Virginia standard fire policy").[3] Erie argues in this appeal that the multiple line policy in this case includes a standard fire insurance policy, that the Chedesters' claim was brought under the standard fire insurance policy, and that the one-year limitation of suit provision contained in the policy is enforceable.

---

of construction applicable to insurance contracts. *Jenkins v. State Farm Mut. Auto Ins. Co.*, 219 W. Va. 190, 196, 632 S.E.2d 346, 352 (2006). The rule provides that "[w]ith respect to insurance contracts, the doctrine of reasonable expectations is that the objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations." Syl. pt. 8, *Nat'l Mut. Ins. Co. v. McMahon & Sons*, 177 W. Va. 734, 356 S.E.2d 488 (1987), *overruled on other grounds by Potesta v. U.S. Fid. & Guar. Co.*, 202 W. Va. 308, 504 S.E.2d 135 (1998). "Ordinarily, the doctrine of reasonable expectations applies only to ambiguous policy provisions." *Cherrington v. Erie Ins. Prop. & Cas.*, 231 W. Va. 470, 493 n.43, 745 S.E.2d 508, 531 n.43 (2013) (citation omitted). Therefore, this Court's determination regarding the statute of limitation applicable to the Chedesters' breach of contract claim also will apply to their reasonable expectations claim.

[3] In *Sizemore v. State Farm General Insurance*, we explained that the standard fire insurance policy

> consist[s] of 165 numbered lines. As long as a fire insurance policy contains this minimum allowable coverage, it is not significant whether or not the 165 line basic policy is amended in form or combined with other types of insurance coverage. This is made plain by the clear language of W.Va.Code § 33–17–2, which expressly provides that the standard fire policy may be combined with casualty insurance as long as the combined policy contains language at least as favorable to the insured as applicable portions of the standard fire policy and is approved by the state insurance commissioner.

202 W. Va. 591, 596, 505 S.E.2d 654, 659 (1998) (citation omitted).

We reject Erie's argument. The Chedesters' claim arising from snow damage was brought under the property damage portion of the policy, not a fire insurance portion. In fact, upon reviewing the multiple line policy at issue, we observe that it does not contain a fire insurance portion at all, let alone one that qualifies as a standard fire insurance policy. *See* W. Va. Code § 33-6-14;[4] W. Va. Code § 33-17-2.[5] Thus, pursuant to W. Va. Code § 33-6-14, the one-year limitation is void.

Next, Erie argues that even if the one-year limitation does not apply, pursuant to W. Va. Code § 33-6-14, a two-year limitation must apply to the Chedesters' claim. Erie misreads and misapplies the statute. W. Va. Code § 33-6-14 does not require "use of a two-year limitations provision. It simply prohibits the parties from inserting a limitations provision below the two-year floor." *Beasley v. Allstate Ins. Co.*, 184 F. Supp.2d 523, 525 (S.D.W. Va. 2002). When a limitation provision is void under W. Va. Code § 33-6-14,

---

[4] W. Va. Code § 33-6-14 provides in pertinent part:

> No policy delivered or issued for delivery in West Virginia and covering a subject of insurance resident, located, or to be performed in West Virginia, shall contain any condition, stipulation or agreement . . . limiting the time within which an action may be brought to a period of less than two years from the time the cause of action accrues in connection with all insurances other than marine insurances[.] Any such condition, stipulation or agreement shall be void, but such voidance shall not affect the validity of the other provisions of the policy. This section shall not apply to the standard fire insurance policy.

[5] W. Va. Code § 33-17-2 states in relevant part:

> No policy of fire insurance covering property located in West Virginia shall be made, issued or delivered unless it conforms as to all provisions and the sequence thereof with the basic policy commonly known as the New York standard fire policy, edition of one thousand nine hundred forty-three, which is designated as the West Virginia standard fire policy; except that with regard to multiple line coverages providing casualty insurance combined with fire insurance this section shall not apply if the policy contains, with respect to the fire portion thereof, language at least as favorable to the insured as the applicable portions of the standard fire policy and such multiple line policy has been approved by the commissioner.

the general limitations period set forth in W. Va. Code § 55-2-6 (1895) applies to fill that void. *Beasley*, 184 F. Supp.2d at 527. W. Va. Code § 55-2-6 provides,

> Every action to recover money, which is founded upon an award, or on any contract other than a judgment or recognizance, shall be brought within the following number of years next after the right to bring the same shall have accrued, that is to say: . . . if it be upon an award, or upon a contract in writing, signed by the party to be charged thereby, or by his agent, but not under seal, within ten years . . . .

Pursuant to W. Va. Code § 55-2-6, the appropriate limitation period is ten years. Because the ten-year limitation period—which Erie asserts began to run when the Chedesters' claim accrued on May 10, 2013—has not yet fully run, the circuit court correctly determined that the Chedesters' claim is not time barred.

### B. Statute of Limitation on the Hayseeds Claim

As stated above, the Chedesters brought a common law bad faith claim under *Hayseeds, Inc. v. State Farm Fire & Casualty*, 177 W. Va. 323, 352 S.E.2d 73 (1986). Erie lastly argues that the statute of limitations on this action began to run on the date the Chedesters became aware of the denial of their insurance claim: May 10, 2013. To support this argument, Erie relies on syllabus points 4 and 5 of *Noland v. Virginia Insurance Reciprocal*, 224 W. Va. 372, 686 S.E.2d 23 (2009). According to syllabus point 4 of *Noland*, "[t]he one year statute of limitations contained in W. Va. Code § 55-2-12(c) (1959) (Repl. Vol. 2008) applies to a common law bad faith claim." Syllabus point 5 of *Noland* provides, in relevant part, "[i]n a first-party bad faith claim that is based upon an insurer's refusal to defend, and is brought . . . as a common law bad faith claim, the statute of limitations begins to run on the claim when the insured knows or reasonably should have known that the insurer refused to defend him or her in an action." We disagree with Erie's argument.

Syllabus point 1 of *Hayseeds* states:

> *Whenever a policyholder substantially prevails in a property damage suit against its insurer*, the insurer is liable for: (1) the insured's reasonable attorneys' fees in vindicating its claim; (2) the insured's damages for net economic loss caused by the delay in settlement, and damages for aggravation and inconvenience.

177 W. Va. 323, 352 S.E.2d 73 (emphasis added). The syllabus point makes clear that before a policy holder can proceed on a bad faith action brought pursuant to *Hayseeds*, the policy holder must prevail in his or her property damage suit. Thus, the one-year

6

statute of limitations in a *Hayseeds* common law bad faith action does not begin to run until the policy holder prevails in his or her property damage suit.

We established above that the statute of limitations has not run on the Chedesters' property damage suit, and so their action is still pending in the circuit court. Therefore, dismissal of their *Hayseeds* common law bad faith action would be premature. The circuit court correctly denied Erie's motion to dismiss the Chedesters' *Hayseeds* claim.

## III.  CONCLUSION

Based on the foregoing, we find that Erie has failed to show clear error in the circuit court's ruling that the Chedesters' breach of contract action against Erie is governed by a ten-year statute of limitation and that the Chedesters' *Hayseeds* claim against Erie is not time-barred. Under our holding in syllabus point 4 of *Hoover*, clear error as a matter of law should be given substantial weight in determining whether to issue a writ of prohibition. Because Erie has failed to demonstrate clear legal error in the circuit court's order denying its motion to dismiss, we deny the writ sought by Erie.

Writ denied.

**ISSUED:**     **June 13, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

7