# CHARLESTON.

### Hogl v. Aachen Insurance Company.

Submitted January 26, 1909.   Decided March 30, 1909.

Insurance—*Action on Policy—Time in Which to Bring.*
    Though a fire insurance policy provide that suit must be brought on it within twelve months from the fire, yet as it also provides that no suit shall be brought before sixty days after proof of loss, the twelve months does not begin until the end of the sixty days.  (p. 438.)

Error to Circuit Court, Ohio County.

Action by Matilda C. Hogl against the Aachen & Munich Fire Insurance Company.   Judgment for plaintiff. Defendant brings error.

*Affirmed.*

C. J. Schuck and R. M. Addleman, for plaintiff in error.

Handlan & Reymann, E. F. Moore, and J. P. Arbenz, for defendant in error.

Brannon, Judge:

Matilda C. Hogl sued the Aachen & Munich Fire Insurance Company to recover for loss of her house by fire, and recovered.

The insurance policy provides that no suit on it shall be sustained "unless commenced within twelve months next after the fire." This suit was not begun within that period; but the policy contains another clause saying that the loss should not become payable until sixty days after proof of loss furnished. The only question is, shall the twelve months limitation begin from the fire or from the close of the sixty days? The policy forbids suit for sixty days. Is it reasonable to say that the company shall have the benefit of the sixty days in exemption from suit and for its purposes in investigating the loss, and yet count that time as part of the twelve months? We must take both clauses together. There are conflicting cases upon this question; but why discuss it when this Court has held that the suit may be within twelve months from the end of the sixty days? *Barber* v. *Insurance Co.,* 16 W. Va., p. 675; *Murdock* v. *Insurance Co.,* 33 *Id.* 407. In support of our decisions I cite the Circuit Court of Appeals, *Steel* v. *Phoenix Ins. Co.,* 51 Fed. R. 715, affirmed by the U. S. Supreme Court in 154 U. S. 518. Also *Fireman's Friend* v. *Buckstaff,* 41 Amer. St. R. 727; *German Co.* v. *Fairbank,* 29 *Id.* 459 & n.; *Friesen* v. *Allemania Co.,* 30 Fed. R. 352; *Hong Sling* v. *Royal Co.,* 30 Pacif. R. 307; *Sample* v. *London Co.,* 57 Amer. St. R. 701, an able labored case; *Ins. Co.* v. *Scales,* 101 Tenn. 638 (49 S. W. R. 743); *Sun Ins. Co.* v. *Jones,* 15 S. W. 1034; 54 Ark. 376.

There is in the case a discussion as to difference between policies prescribing a time limit "after loss" and those fixing it "after the fire." We see no difference.

There is a cross assignment of error based on the claim that the amount for which the house was insured is $1,500 and the verdict $1,366.50. It is said the circuit court ought to have given judgment for $1,500 under Code 1906, section 1108, making an insurance company liable for the policy amount in case

of total loss, and we are asked to do so.   Why should we be called to pass on this when the circuit court was not asked to render such judgment, and no exception taken as to this, and on the contrary the record shows the plaintiff's counsel twice stated the loss at $1,366.50 and asked a verdict for that amount?

We affirm the judgment.

*Affirmed.*