# CHARLESTON.

M. C. KIRK *v.* FIREMEN'S INSURANCE COMPANY, OF NEWARK, NEW JERSEY, *a Corporation*

(No. 6508)

Submitted October 1, 1929.     Decided October 8, 1929.

*Vinson, Thompson, Meek & Scherr,* for plaintiff in error.

*J. Walter Copley* and *G. R. C. Wiles,* for defendant in error.

LITZ, JUDGE:

This writ was awarded to a judgment in favor of the plaintiff for $1200.00 on a New York Standard fire insurance policy issued to him by the defendant.

The only defense is that the right of action is barred by limitation in the policy, providing that the loss shall be payable 60 days after proof, and that no action shall be maintainable unless commenced within twelve months next after the fire. This Court has held that the two provisions should be construed together and that when so construed the period of limitation does not begin to run until the accrual of the cause of action, 60 days after the proof of loss. *Hogl* v. *Aachen Insurance Co.,* 65 W. Va. 437; *Murdock* v. *Franklin Insurance Co.,* 33 W. Va. 407. But the defendant, directing

attention to the fact that these decisions were rendered prior to the enactment of chapter 77, Acts 1907 (which was amended by chapter 18, Acts 1923), prescribing the New York Standard as an exclusive form of fire insurance policy to be used in this State, argues that since the form of policy has been enacted into law, the provision requiring suit to be brought within twelve months from the fire must be given a literal interpretation. The answer to this proposition is, first, that the general principles of construction apply alike to statutes and contracts, and second, that statutes are to be read in the light of attendant circumstances and the state of the law existent at the time of their enactment. The words of the statute must be taken in the sense in which they were then understood. 25 R. C. L., 959. And this should be especially true when such meaning has been established by judicial interpretation. The Legislature, therefore, in prescribing the New York Standard form of policy is presumed to have adopted the previous interpretations of its provisions by this Court. JUDGE BRANNON, speaking for the Court in the *Hogl* case, said: "The insurance policy provides that no suit on it shall be sustained 'unless commenced within twelve months next after the fire.' This suit was not begun within that period; but the policy contains another clause saying that the loss should not become payable until sixty days after proof of loss furnished. The only question is, shall the twelve months limitation begin from the fire or from the close of the sixty days? The policy forbids suit for sixty days. Is it reasonable to say that the company shall have the benefit of the sixty days in exemption from suit and for its purposes in investigating the loss, and yet count that time as part of the twelve months? We must take both clauses together. There are conflicting cases upon this question; but why discuss it when this Court has held that the suit may be within twelve months from the end of the sixty days?" Statutes as well as contracts should be given a fair and reasonable construction if possible.

The judgment of the circuit court is affirmed.

*Affirmed.*