SARAH BELHASSEN *v.* TOWN OF IAEGER

(No. 7284)

Submitted September 27, 1932. Decided October 4, 1932.

*Crockett & Tucker* and *Charles A. Tutwiler,* for plaintiff in error.

*Grover C. Worrell* and *Harman & Howard,* for defendant in error.

WOODS, JUDGE:

This is an action to recover damages for property taken in widening and improving a street in the town of Iaeger, McDowell county. The improvement was completed on November 30, 1924, and this action instituted within five years and two months thereafter. From a judgment in favor of the plaintiff in the sum of $1,625.00, defendant brings error.

The plaintiff, on September 12, 1923, purchased the lot in question from one Iafolla, the latter having shortly prior thereto purchased the same from certain church trustees. It appears from the record that the trustees, prior to their sale, together with other property owners had agreed to give the town fourten feet for the widening of Center street, in exchange for a like footage in the rear of said lots by the abandonment of Main street. Shortly after plaintiff had

purchased the property, she was ordered by the mayor to, and did, move the building back, so that a portion thereof rested on what had formerly been Main street.

Defendant contends in this court, as it did in the court below, (1) that plaintiff had notice of the agreement between the trustees and the town officials and was therefore bound thereby; (2) that the action was not brought within five years from the time the defendant first exercised any rights of ownership over the property taken, and was therefore barred by the statute of limitations; and (3) that the verdict was excessive.

As to the first point, the plaintiff stated unequivocally that she knew nothing of the understanding. So, in the absence of a minute on the records of the town, or evidence of actual notice, she is not bound. The mere fact that she moved her building back on orders from the mayor of the town is not sufficient to impute notice to her of the alleged understanding between the town and the trustees, her predecessors in title. The fact that the street in the rear of the property was abandoned, and that plaintiff moved her building back so that a part of it rested on the old abandoned street does not show knowledge, because where a town or city abandons a street or alley, the same ordinarily reverts to the abutting property owners.

The law is well settled that five years is the limitation period prescribed for actions to recover damages to real estate occasioned by the alteration of street grade or by an improvement in the street of a municipality. *Kinney* v. *Town of West Union*, 79 W. Va. 463, 91 S. E. 260. But when does the period begin to run? The town, as already noted, would have it begin as of the time the defendant first exercised rights of ownership over the property, while plaintiff argues that by virtue of the provisions of Code 1923, chapter 47, section 49c. (13), it does not begin for two months after the completion of the work. That statute provides: "No person who claims damages, arising from any cause due to or arising out of such improvements, shall commence a suit therefor against the corporation within sixty days after the completion of the improvements, in order that

the corporation may take such steps as it may deem proper to settle or adjust the claim.'' Defendant contends that it is unconstitutional, basing its argument principally upon the revisers' note in the Official Code (1931), 8-9-13, that *McGibson* v. *Roane County Court*, 95 W. Va. 338, 121 S. E. 99, raised a doubt as to the validity of the provision as above quoted.

But is the town in position to question the constitutionality of the statute? It was the party benefited. The work seems to have gone along expeditiously. The property owner, the one who might have raised the point that the statute did not provide against delay, is not complaining. So far as she is concerned the constitutionality of the statute is not questioned.

It is a firmly established principle of law that the constitutionality of a statute may not be attacked by one whose rights are not affected by the operation of the statute. In other words, one attacking the constitutionality of a statute must show that it affects him injuriously and actually deprives him of a constitutional right. 12 C. J., 760, sec. 177; 6 R. C. L., 89, sec. 87. The foregoing principle is recognized in the case of *State ex rel. Dillon* v. *County Court*, 60 W. Va. 339, 55 S. E. 382.

The effect of the foregoing statute is to give the town a right to make adjustments with the property owners, after the improvements have been made, without being harassed by litigation during or immediately after the completion of the work. In so doing, the rights of the property owners are not sought to be abridged in regard to the time in which they might institute legal proceedings. This right was recognized and preserved in the case of *Kirk* v. *Insurance Company*, 107 W. Va. 666, 150 S. E. 2. There the court held that ''the period of limitation for the institution of suit under the New York Standard fire insurance policy, providing that loss shall be payable sixty days after proof and that no action shall be maintainable unless commenced within the twelve months after the fire, does not begin to run until the accrual of the cause of action, sixty days after the proof of loss;'' and that ''the legislature, in prescribing the New

York Standard as an exclusive form of fire insurance policy, is presumed to have adopted the previous interpretations of its provisions by this Court."

As to the amount of damages, the plaintiff introduced evidence to the effect that the property had been damaged to the extent of $2,500.00, while defendant's witnesses testified that the property was actually benefited. This was a jury question, and was resolved in favor of the plaintiff.

The trial court seems to have properly applied the law in the giving and refusing of instructions. In the absence of specific attack, our examination reveals no error in his action in that regard.

*Affirmed.*