**Gertrude L. BRAWNER, Appellant,**

v.

**PEARL ASSURANCE COMPANY, Ltd.,**
**et al., Appellee.**

**No. 15993.**

United States Court of Appeals
Ninth Circuit.

Dec. 18, 1958.

---

William H. Brawner, Ernest W. Pitney, Los Angeles, Cal., for appellant.

McBain & Morgan, Angus C. McBain, Los Angeles, Cal., for appellee.

Before FEE, BARNES and JERTBERG, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

■ In this case, this Court is again confronted with the confusion which follows the filing of motions for summary judgment by plaintiff and defendant, respectively. Again it is reiterated that such a situation does not parallel that where both parties file motions for directed verdict. In the latter instance, each party is held to agree that there is no disputed question of fact and that the case is to be decided on the principles of law. In contrast, by definition, a summary judgment cannot be granted if there be a disputed question of material fact. This determination does not depend upon what either or both parties may have thought about the matter.[1]

■ In the instant case, plaintiff held a policy of fire insurance issued by Pearl Assurance Company, Ltd., upon certain buildings on a piece of real property in the City of Los Angeles, described by street address, whereby the Assurance Company agreed to indemnify plaintiff against loss by fire thereon. While plaintiff owned the real property, the buildings insured were damaged or destroyed by fire. We hold it to be self-evident that upon these admitted facts plaintiff had the burden of proving not only that she had sustained a loss, but also in what amount.

■ The Assurance Company agrees so far. It presented an affidavit to the trial court that the destroyed buildings had no value at all before the fire, in support of its motion that the court overrule the motion of plaintiff for summary judgment. Plaintiff contended that there was a loss and that this loss was material and entitled her to recover the face amount of the policy. The trial court was correct in refusing to grant the motion of plaintiff for summary judgment, because there was a genuine issue of material fact upon these points. For this reason, a motion for summary judgment presented by defendant should also have been overruled unless defendant could have established by uncontroverted facts that plaintiff suffered no loss. Defendant undertook to support its own motion by filing the record of condemnation proceedings brought by the County of Los Angeles upon the property upon which the insured buildings were situate before the fire, which oc-

---

1. "The judgment sought [summary judgment] shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact * * *." Rule 56(c), Federal Rules of Civil Procedure, 28 U.S.C.A.

"A motion for summary judgment cannot be granted simply because both sides move for it. An indispensable prerequisite to such a judgment is the absence of a material question of fact." Hycon Manufacturing Company v. H. Koch & Sons, 9 Cir., 219 F.2d 353, 355, certiorari denied 349 U.S. 953, 75 S.Ct. 881, 99 L.Ed. 1278.

"Appellants' concession that no genuine issue of fact existed was made in support of its own motion for summary judgment. We do not think that the concession continues over into the Court's separate consideration of appellee's motion for summary judgment in his behalf after appellants' motion was overruled." Begnaud v. White, 6 Cir., 170 F.2d 323, 327.

See Lloyd v. Franklin Life Insurance Company, 9 Cir., 245 F.2d 896.

curred February 4, 1957. A document entitled "Statement of Issues Agreed upon for Pre-Trial Conference," dated February 15, 1957, contains the sentences: "That the date of valuation of the said property is April 4, 1956. * * * That the only issue not agreed upon is the market value of the said property as of April 4, 1956." This record further shows that on March 26, 1957, plaintiff here entered into a stipulation for judgment with the condemnor, whereby she accepted $26,400.00 as "the market value of said real property, together with any and all improvements thereon, including any and all severance damage * * * caused to other properties * * * by the taking." Thereupon, on April 5, 1957, interlocutory judgment was entered in her favor in that amount. After the payment of the money by the condemnor, title to the parcel of real property passed by force of final judgment dated April 12, 1957, to the condemnor.

The contention of the Assurance Company is that this record proves conclusively that plaintiff suffered no loss and that therefore no genuine issue of material fact remained. As noted above, the Assurance Company was not a party to this litigation. The stipulation is not necessarily binding against plaintiff and in favor of the Assurance Company.

The amount accepted by plaintiff in settlement of the case does not prevent her, as a matter of law, from claiming she still suffered a loss.[2] The contention of the Assurance Company seems to be that plaintiff could not have suffered any loss since the full value of the property before the fire was paid by the condemnor. But plaintiff was claiming $75,000.00 in the condemnation case as the fair market value of the real property on the day before the fire.

■ The Assurance Company conceded that plaintiff had suffered some loss which was not covered by the payment in the condemnation case, since it admitted liability for and tendered payment for the loss of rentals from the building. It seems such an admission is entirely inconsistent with the claim that plaintiff suffered no loss. If the title to the real property passed to the County as of April 4, 1956, plaintiff would not be entitled to rentals thereon either. But it is conceded that title did not pass until the sums specified by the interlocutory judgment were paid to plaintiff by the County on April 12, 1957. Since plaintiff did not accept this tendered payment of rentals before the District Court entered summary judgment for the Assurance Company, there is a clear concession of some loss for which the latter must indemnify plaintiff. The amount

2. "In order that a judgment may constitute a bar to another suit, it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, and must be determined on its merits." Hughes v. United States, 4 Wall. 232, 71 U.S. 232, 237, 18 L.Ed. 303.
"A court may not, without the consent of all persons affected, enter a judgment which goes beyond the claim asserted in the pleadings. * * * Unless all parties in interest are in court and have voluntarily litigated some issue not within the pleadings, the court can consider only the issues made by the pleadings, and the judgment may not extend beyond such issues nor beyond the scope of the relief demanded." Sylvan Beach, Inc. v. Koch, 8 Cir., 140 F.2d 852, 861.
"A judgment entered with the consent of the parties may involve a determination of questions of fact and law by the court. But unless a showing is made that that was the case, the judgment has no greater dignity, so far as collateral estoppel is concerned, than any judgment entered only as a compromise of the parties." United States v. International Building Co., 345 U.S. 502, 506, 73 S.Ct. 807, 809, 97 L.Ed. 1182.
This is especially true in that this stipulated judgment merely determined what Los Angeles County owed appellant for the property condemned. It is in no way apparent whether this payment was made upon an evaluation of the property and improvements thereon as of the date of commencement of condemnation proceedings, before the fire, or whether this evaluation was made merely upon the basis of the property and improvements actually received by Los Angeles County, after the fire.

of the loss is necessarily a genuine issue of material fact. The evidence at a trial might have shown a greater loss of rentals, and plaintiff would have been entitled thereto. Under the federal pleading system, plaintiff is not bound by the itemization of damages in the pleading on the ad damnum demand.[3] This feature alone presented a material issue of fact.

The Assurance Company appears to have proceeded upon the theory that this stipulation, subsequent interlocutory judgment and final judgment are res judicata between it and Gertrude Brawner. Patently this proposition is untrue. The Assurance Company was not a party to the condemnation case. If that company had intervened and sought a portion of the award, there would have been a different situation. The statute of California relative to date of fixing of value [4] seems not to cover the situation in this condemnation case. Here the cause was not tried "within one year after the date of the commencement of the action." In fact, it was never tried at all. The stipulation as to issues agreed upon for pretrial conference is negative. It is not there agreed upon that the value as of date of commencement of the action were to be the ultimate measure of compensation. The "stipulation for judgment" does not fix the date of valuation. The statute does not prevent the parties, by compromise and settlement, to agree as to a different date of valuation. The only possible relevancy these stipulations could have is as admissions by plaintiff here or by way of estoppel. In no event are these

conclusive. The question of fact of the amount of loss still must be tried. Whether the judgment or judgment roll in the condemnation case can be introduced in evidence and what relevance or weight it may have at the trial depend upon the circumstances which may be established at the trial at the time these records may be offered.

The county of Los Angeles had a right to discontinue the condemnation after the fire. That public body was not compelled to take the property at any and all events. It was not even bound to pay the money after the interlocutory judgment entered so far as this Court is advised. All this might enter into a consideration of the effect the interlocutory judgment and final judgment had. Since there is no record of a pretrial order, the stipulation preliminary to such a proceeding stands upon tentative grounds. Since there was no trial, it might perhaps be argued that the judgment was based upon the value at the date of the interlocutory judgment or the date of the final judgment when title passed to the County. There is great variation in the holdings on this subject.

The judgment does not estop plaintiff here from making the contention, as against the Assurance Company, that the value before the fire was exactly what she claimed in that suit. There is also the subsidiary question whether plaintiff did not suffer loss even if she accepted a sum of money for her interest in the real property from a third party.

There is a conflict of authority as to whether the Assurance Company is not

---

3. "* * * every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." Rule 54(c), Federal Rules of Civil Procedure.

4. "For the purpose of assessing compensation and damages the right thereof shall be deemed to have accrued at the date of the issuance of summons [commencement of proceedings] and its actual value at that date shall be the measure of compensation for all proper-

ty to be actually taken, and the basis of damages to property not actually taken but injuriously affected, in all cases where such damages are allowed as provided in section one thousand two hundred forty-eight; *provided*, that in any case in which the issue is not tried within one year after the date of the commencement of the action, unless the delay is caused by the defendant, the compensation and damages shall be deemed to have accrued at the date of the trial." West's Ann.California Code of Civil Procedure, § 1249.

bound to pay according to the terms of the policy as long as title to the freehold remains in the insured. The legal phases of this question have been much bruited about in the briefs. But these matters need not be decided.

We hold the issues of whether plaintiff suffered loss and in what amount were genuine. We hold these facts were material to judgment here. The summary judgment did not have a proper foundation.

Remanded for further proceedings in accordance with this opinion.