Henry S. CRAM, Appellant,

v.

SUN INSURANCE OFFICE, LTD.,
Appellee.

Robert S. WAHAB, Jr., Appellant,

v.

SUN INSURANCE OFFICE, LTD.,
Appellee.

Nos. 10824, 10825.

United States Court of Appeals
Fourth Circuit.

Argued Feb. 8, 1967.

Decided March 29, 1967.

---

deRosset Myers, Charleston, S. C. (Henry B. Smythe, Pritchard, Myers & Morrison, and Buist, Buist, Smythe & Smythe, Charleston, S. C., on brief), for appellant, Henry S. Cram.

Henry B. Smythe, Charleston, S. C. (Pritchard, Myers & Morrison, and Buist, Buist, Smythe & Smythe, Charleston, S. C., on brief), for appellant, Robert S. Wahab, Jr.

Nathaniel L. Barnwell, Charleston, S. C. (Ben Scott Whaley, and Barnwell, Whaley, Stevenson & Patterson, Charleston, S. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and J. SPENCER BELL and WINTER, Circuit Judges.

J. SPENCER BELL, Circuit Judge:

Plaintiff, Henry S. Cram, brought a declaratory judgment action against Sun Insurance Office, Ltd., and Robert S. Wahab, Jr., to determine the rights and liabilities of the parties with regard to the loss of the yacht "Buck's Club," which was insured by Sun and which Cram had agreed to convey to Wahab. Jurisdiction is based on diversity of citizenship. Cram and Sun moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure based on the pleadings, written interrogatories, and affidavits. Cram and Wahab appeal from a district court order entering judgment for Sun in accordance with its motion under Rule 56.

Cram, a resident of Bluffton, South Carolina, owned a yacht known as the "Buck's Club," which he wished to replace with a larger boat, and Wahab, a resident of Virginia Beach, Virginia,

owned a yacht called the "Recess," which he desired to sell. Brought together by a mutual friend, one Captain Hester, Cram and Wahab met in Norfolk, Virginia, on November 24, 1964, and executed the following two agreements:

"For and in consideration of $1.00 and other good and valuable considerations I hereby bargain, grant, sell, and convey all my right, title, and interest in one forty-one foot boat, now known as the 'Recess' and documented in the U. S. Customs House as No. 295136.

"I warrant that this boat is free of all liens and encumbrances of all kinds.

"Given under my hand this twenty-fourth day of November, 1964.

/s/   Robert S. Wahab, Jr.
957 Bobolink Drive
Virginia Beach, Va."

"In part consideration of the sale to me of Documented Vessel No. 295136, I agree to assign all of my right, title, and interest in one 1962 Clayton 28 ft. Sea Skiff, now known as 'Buck's Club' to Robert S. Wahab, Jr.

"I warrant that the said boat is free of all liens and encumbrances of all kinds and will be in operating condition when delivered.

"Given under my hand this 24th day of November, 1964.

/s/   Henry S. Cram."

Cram paid Wahab $19,500.00 cash, which together with the "Buck's Club" represented full consideration agreed upon for the "Recess." Cram then returned to South Carolina with the "Recess" and proceeded to have necessary repairs made on "Buck's Club" in order to put it in operating condition.

After repairs on "Buck's Club" had been completed, Cram notified Wahab of that fact. Wahab had originally intended to pick up the yacht in South Carolina but because of inclement weather decided not to do so. It was agreed that Cram would arrange for Captain Hester to deliver the yacht to Wahab in Virginia, with Wahab bearing the expense. There was no evidence that Hester had any authority to inspect and approve the condition of the "Buck's Club" on behalf of Wahab. Hester took charge of the yacht on December 5, 1964, and shortly thereafter the yacht was completely destroyed by fire while in the Beaufort River in South Carolina.

On June 18, 1964, Sun had issued to Cram a policy insuring the "Buck's Club" for $12,200.00, the agreed valuation, and Cram had paid the full premium for one year. On November 24, 1964, the day Cram took possession of the "Recess," he had insured that vessel for $24,500.00. On the same day, Wahab had telephoned his own insurance company, Hanover Insurance Company, and arranged to have a binder placed on "Buck's Club" for $5,000.00, to become effective when title passed to him.

After the destruction of the "Buck's Club," Cram and Wahab, assuming the $12,200.00 policy issued by Sun to be clearly collectible, began to dispute over the question of who was entitled to the insurance money. Cram paid Wahab $5,000.00, contending that that amount was the trade-in value allotted to the

"Buck's Club" under the contract, since Wahab had originally stated that he would accept $24,500.00 for the "Recess" and Cram had already paid $19,500.00 cash. Wahab's position, on the other hand, was that he had bargained not for $24,500.00, but for $19,500.00 cash, plus the "Buck's Club," whatever its value, and that its value was the value agreed upon by Sun and Cram—$12,200.00.

Sun, however, refused to pay the amount of the policy on the ground that the policy had become void under the following provision:

"This insurance shall be void in case this policy or the property insured shall be sold, assigned, transferred or pledged without previous consent in writing of the company."

Sun contended that at the time it was destroyed, title to the yacht had passed from Cram to Wahab. Cram brought this declaratory judgment action against Sun and Wahab, and Wahab brought in its insurer, Hanover Insurance Company, as a third-party defendant, contending that if title had passed, then Hanover was liable under the binder agreement.

Cram and Sun both moved for summary judgment, Cram and Wahab stated that if the court granted Cram's motion for summary judgment, then the lawsuit would be entirely resolved, since they had reached an amicable agreement as to their dispute in that event. The district court, however, granted Sun's motion for summary judgment, which left the issues between Cram and Wahab and between Wahab and Hanover undecided.

It is obvious from the recitation of the facts of this case that this is a many-faceted lawsuit and that only one facet has as yet been resolved. Thus, even though the appealing parties have not raised the question, it is necessary for us to consider whether this court has jurisdiction to hear this appeal at this time. We have concluded that the appeal must be dismissed as premature.

■ With a few exceptions not relevant here,[1] this court has jurisdiction of appeal from "final decisions" only. 28 U.S.C. § 1291 (1964). Under Rule 54(b) of the Federal Rules of Civil Procedure, no order of the district court involving less than all claims and parties is final unless the court directs entry of judgment "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgement." The district court did not make such an express determination, nor has there been any attempt by the parties to have the matter certified to this court in accordance with 28 U.S.C. § 1292(b) (1964). Moreover, it is clear that a summary judgment as to one of the parties is no exception to the rule. See United States to Use of Mustin Bros. Plastering Co. v. Al-Con Dev. Corp., 271 F.2d 901 (4 Cir. 1959). The appeal must therefore be dismissed.

Since this case is still pending in the district court and trial must be completed, we point out that we do not think the dispute involving Sun is one that can properly be disposed of by summary judgment.

■ The summary judgment procedure is available only in cases where there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). Whether or not a genuine issue of material fact exists is a determination for the court, not the parties, and the fact that the parties may have thought there was no material fact in issue is in no way controlling. See Brawner v. Pearl Assur. Co., 267 F.2d 45 (9 Cir. 1958). "The fact that both sides moved for summary judgment does not establish that there is no issue of fact and require that judgment be granted for one side or the other." American Fid. & Cas. Co. v. London & Edinburgh Ins. Co., 354 F.2d 214, 216 (4 Cir. 1965). See 3 Barron & Holtzoff, Federal Practice and Procedure § 1239 (Wright ed. 1958). Neither

1. The exceptions are set forth in 28 U.S.C. § 1292(a) (1964).

party, by moving for summary judgment, concedes the truth of the allegations of his adversary other than for purposes of his own motion. A movant may contend that under his theory of the case, no substantial issue of fact exists, while under the adversary's theory factual questions are in issue. American Fid. & Cas. Co. v. London & Edinburgh Ins. Co., supra. Moreover, the party opposing a motion for summary judgment is entitled to all favorable inferences which can be drawn from the evidence. E. g., Ramsouer v. Midland Valley R.R., 135 F.2d 101 (8 Cir. 1943).

■ We think that at least one genuine issue of fact is clearly presented by the case at bar: the intent of Cram and Wahab with regard to passage of title to the "Buck's Club" under their agreement. The written instrument itself is sufficiently ambiguous to necessitate looking to the surrounding circumstances in order to ascertain its meaning, and the district court purported to do just that. In determining the intent of the parties in a summary judgment proceeding, however, the district court erred, for the intent of the parties to an ambiguous contract is a question of fact which cannot properly be resolved on motions for summary judgment. E. g., Union Ins. Soc'y of Canton, Ltd. v. William Gluckin & Co., 353 F.2d 946 (2 Cir. 1965); Severson v. Fleck, 251 F.2d 920 (8 Cir. 1958).

■ It is true that the depositions which served as the basis for the district court's conclusions were uncontroverted. However, it does not necessarily follow that the case can therefore be disposed of by summary judgment. This court said in American Fid. & Cas. Co. v. London & Edinburgh Ins. Co., 354 F.2d 214, 216 (4 Cir. 1965):

"Not merely must the historic facts be free of controversy but also there must be no controversy as to the inferences to be drawn from them. It is often the case that although the basic facts are not in dispute, the parties nevertheless disagree as to the inferences which may properly be drawn. Under such circumstances the case is not one to be decided on a motion for summary judgment."

■ The irony of the situation in the case at bar is that although the district court relied primarily on the depositions of Cram and Wahab in reaching the conclusion that it was the intent of the parties for title to pass on November 24, 1964, the uncontradicted testimony contained in those depositions was that the deponents did *not* intend for title to the yacht to pass until Wahab had inspected it.[2] It is obvious that in considering Sun's motion, the court did not give Cram the benefit of all favorable inferences which could be drawn from the evidence. It is further apparent that the district court necessarily passed upon the credibility of witnesses Cram and Wahab in reaching its conclusion. Clearly the credibility of a witness is a factual issue which precludes summary judgment. E. g., United States v. United Marketing Ass'n, 291 F.2d 851 (8 Cir. 1961); Girard v. Gill, 261 F.2d 695, 697 (4 Cir. 1958).

■ Sun contends that even if controverted issues of fact were decided by the district court, the parties had specifically agreed that it do so. We find no evidence in the record that sufficiently supports Sun's contention.

2. In this regard we note an apparent inconsistency in the district judge's opinion. In paragraph 5 of his formal findings of fact, the district judge stated, *inter alia*, " * * * there is no evidence in the record that defendant Wahab had authorized Captain Hester to inspect and finally accept delivery of the boat on his behalf." In his principal legal conclusion, the district judge was of the opinion that it was the clear intention of Cram and Wahab that the agreement between them operate to pass title on November 24, 1964. As an alternate ground of decision the district judge stated that even if the agreement were considered to be merely executory, title to Wahab passed on December 5, 1964 because Cram " * * * had surrendered all dominion and control over it on December 5, 1964 to buyer's agent, Captain Hester, whose possession was that of Wahab. Thus Cram had 'delivered' the boat in operating condition to the buyer's agent * * *."

Cram moved for summary judgment on the theory that the written contract, together with the uncontradicted testimony of his and Wahab's intent, removed all question of fact from the case. There is no evidence that he intended for the court to try the factual issues presented by the case in the event it rejected his theory of the case. Once his theory of the case was rejected and it became apparent that material facts were in issue, Cram had the right to present to the trier of fact all the evidence he could produce and to argue the facts in support of his interpretation of the contract. In the present case where credibility is a vital issue, it would seem important for the trier of fact to have an opportunity to observe the demeanor of the witnesses. Cram has a right to have the testimony presented to the trier of fact in open court absent a waiver of that right, which is not present here.

▮ Implying that Cram has waived his right to a jury trial, Sun further argues that the court had all the evidence before it and therefore actually conducted a nonjury trial of all the issues which should be allowed to stand. First, it is not apparent that all possible evidence was before the court when it made its determinations. Second, Cram is not precluded from having the issues of fact in this controversy tried to a jury. Although neither Cram nor Wahab filed a demand for a jury trial under Fed.R.Civ.P. 38(a), Sun did file such a demand. Under Rule 38(d) Sun may not withdraw that demand without the consent of the opposing party. E. g., Yates v. Dann, 223 F.2d 64 (3 Cir. 1955). Cram is entitled to rely upon the demand for a jury trial of his adversary Sun as to all issues in controversy between them. See 2B Barron & Holtzoff, Federal Practice and Procedure § 877 (Wright ed. 1961). We find nothing in the record which indicates that Sun has attempted to withdraw its demand or that Cram has consented to a withdrawal.

The appeals are dismissed.

Appeals dismissed.