**370**

**The FILM GROUP, INC., a Delaware corporation, Plaintiff,**

**v.**

**NOVO CORPORATION, a New York corporation, a/k/a Newenhouse/Novo, a/k/a Newenhouse/Novo, a Division of Novo Corporation, a/k/a Henk Newenhouse, a Division of Novo Corporation, Defendants.**

**No. 71 C 214.**

United States District Court, N. D. Illinois.

Nov. 12, 1974.

William R. Cottle, Fohrman, Lurie, Holstein, Sklar & Cottle, Chicago, Ill., for plaintiffs.

Salinger & Gignilliat, Chicago, Ill., for defendants.

MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes before the Court on plaintiff's motion for a summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

This case arises out of certain contractual agreements which were entered into by and between The Film Group, Inc. and Novo Corporation wherein Novo Corporation through its subsidiary, Newenhouse Division of Novo, an educational film distributor, was to undertake the distribution of certain films produced by the plaintiff. Plaintiff alleges that the defendant wrongfully and without cause breached its contractual obligations due to the plaintiff thus causing the plaintiff to lose its present and future market for distribution of its films and thereby causing the plaintiff loss of present and future profits.

Defendant has responded stating that Film Group did not fulfill its obligations in preparing the films for distribution. Nevertheless, defendant contends that its best efforts were used in attempting to advertise and distribute the films.

The arguments and extensive inferences set forth in the lengthy memoranda submitted establish that a number of genuine issues as to material fact exist in this action, i. e.:

1. What were the terms of the agreement for the distribution of the plaintiff's films, other than "Burlington Diner", "Gregory March", and "Cicero March", which films were covered by the so-called 60–40 written contracts?

2. What constituted the defendant's "usual business practices" as they related to the distribution of educational films?

3. What constitutes "best efforts" as a matter of law, and more particularly did the defendant exercise such efforts to promote the plaintiff's films?

4. Did the plaintiff under the various agreements perform its obligations to the defendant?

■■ Through the use of memoranda, exhibits and affidavits the plaintiff has established a prima facie case against Novo Corporation. However, it is not the obligation of the defendant to establish its case during pretrial discovery. The defendant has brought to the Court's attention genuine issues of material fact. The plaintiff seeks the Court to ignore defendant's defenses and allegations stating that they represent only individual opinions and conclusions of law. Plaintiff further states that the defendant failed to respond to or rebut many of the facts. However, the available evidentiary material must be considered in a light favorable to defendant. Western Geophysical Co. of America v. Bolt Associates, Inc., 285 F.Supp. 815, 817 (U.S.D.C.Conn.1968); Cram v. Sun Ins. Office, Ltd., 375 F.2d 670 (4th Cir. 1967).

Accordingly, it is hereby ordered that plaintiff's motion for summary judgment is denied.