James A. PRETE, et al., Plaintiffs,

v.

ROYAL GLOBE INSURANCE COMPANY, Defendant.

Civ. A. No. 81–0066–C(H).

United States District Court, N. D. West Virginia, Clarksburg Division.

Feb. 22, 1982.

S. J. Angotti, Morgantown, W. Va., for plaintiffs.

Charles S. Armistead, Morgantown, W. Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, District Judge.

Plaintiffs bring this action to recover for property damage allegedly covered by endorsements to Policy No. PYN 36 90 79 [1] which Defendant issued to Plaintiffs on July 31, 1973. Defendant moves this Court for summary judgment, pursuant to *Rule* 56(b), Federal Rules of Civil Procedure. The parties have filed memoranda in support of their respective positions. For the reasons set out below, this Court hereby grants Defendant's motion for summary judgment.[2]

I. *Validity of the Twelve Month Limitation on the Commencement of an Action on the West Virginia Standard Fire Policy* [3]

Policy No. PYN 36 90 79 which Defendant issued to Plaintiffs on July 31, 1973, is in conformity with the West Virginia Standard Fire Policy which has been approved by the West Virginia Commissioner of Insurance for issuance by Defendant.[4] Lines 157 through 161 of that policy provide:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

---

1. Attached to the complaint as Exhibit A.

2. This Court will grant summary judgment "only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law ... and the 'party opposing a motion for summary judgment is entitled to all favorable inferences which can be drawn from the evidence.'" *Prince v. Pittston Co.*, 63 F.R.D. 28, 32 (S.D.W. Va.1974), *quoting Cram v. Sun Insurance Office, Ltd.*, 375 F.2d 670, 674 (4th Cir. 1967).

3. *W.Va.Code*, § 33–17–2 provides in pertinent part:

"No policy of fire insurance covering property located in West Virginia shall be ... issued ... unless it conforms as to all provisions and the sequence thereof with the basic policy commonly known as the New York Standard Fire Policy, edition of 1943, which is designated as the West Virginia Standard Fire Policy."

4. Rutherford Affidavit, dated December 8, 1981, attached to Defendant's motion for summary judgment as Exhibit A.

The West Virginia Supreme Court of Appeals has repeatedly held, in the absence of a statute to the contrary, that a provision in an insurance policy which limits the time within which an action can be brought on the policy to a shorter period of time than that proscribed by the statute of limitations is valid.[5] In several other decisions, the Court implicitly approved of the twelve month limitation on the commencement of an action on the Standard Fire Insurance Policy when it held that the twelve month limitation period does not begin to run until the elapse of sixty days from the date of the loss.[6]

In 1957, the Legislature chose to modify the common law by enacting *W.Va. Code*, § 33–6–14, which provides in pertinent part:

"No policy ... issued ... in West Virginia covering a subject of insurance ... located ... in West Virginia, shall contain any condition, stipulation or agreement ... limiting the time within which an action may be brought to a period of less than two years from the time the cause of action accrues in connection with all insurances other than marine insurances; in marine policies such time shall not be limited to less than one year from the date of occurrence of the event resulting in the loss. Any such condition, stipulation or agreement shall be void, but such voidance shall not affect the validity of the other provisions of the policy. *This section shall not apply to the Standard Fire Insurance Policy.*" (Emphasis added)

The twelve month limitation on the commencement of an action on the West Virginia Standard Fire Insurance Policy, like the one issued to the Plaintiffs, is expressly exempted from the provisions of *W.Va. Code*, § 33–6–14. Accordingly, in the absence of a statute to the contrary, the twelve month limitation, as approved in *Kirk*, on the commencement of an action on the Standard Fire Insurance Policy is still valid in West Virginia.[7]

II. *Application of the Twelve Month Limitation Period to Actions Commenced on the Water Damage and Loss of Rental Endorsements*

Since *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1937), federal courts have been instructed to resort to state law when ascertaining the rule of decision in a diversity of citizenship action. Since Defendant's motion for summary judgment turns on an issue yet to be decided by the West Virginia Supreme Court of Appeals, this Court must anticipate how the West Virginia Supreme Court of Appeals would rule on whether an action on an endorsement to the Standard Fire Insurance Policy, itself silent as to any limitation period, is barred if not brought within twelve months and sixty days[8] from the inception of the loss.

As a general principle of law, it is well settled that:

"The insurance contract includes the printed form policy, declarations therein, and any endorsements thereto. Provisions of the policy and endorsements thereon are to be read together, and they should be construed, if possible, so as to give effect to all provisions ...

5. *Mills v. Indemnity Insurance Co. of North America*, 113 W.Va. 11, 166 S.E. 531 (1932); *City of Elkins v. Elkins Electric Railway Co.*, 87 W.Va. 350, 105 S.E. 233 (1920); *McFarland and Steele v. Aetna Fire and Marine Ins. Co.*, 6 W.Va. 437 (1873); *McFarland and Steele v. Peabody Ins. Co.*, 6 W.Va. 425 (1873).

6. *Kirk v. Firemen's Ins. Co.*, 107 W.Va. 666, 150 S.E. 2 (1929) (decided after the Legislature adopted the New York Standard Policy as the exclusive form of fire insurance to be issued in West Virginia), citing *Hogl v. Aachen Ins. Co.*, 65 W.Va. 437, 64 S.E. 441 (1909) and *Murdock*

*v. Franklin Ins. Co.*, 33 W.Va. 407, 10 S.E. 777 (1889).

7. It must be presumed that the Legislature had the common law in mind and approved of *Kirk v. Firemen's Ins. Co.*, *supra*, when it expressly exempted the Standard Fire Insurance Policy from the provisions of *W.Va.Code*, § 33–6–14. *Cf. State v. Douglas*, 91 W.Va. 338, 112 S.E. 584 (1922).

8. *Kirk v. Firemen's Ins. Co.*, *supra*.

In construing an endorsement to an insurance policy, the endorsement and policy must be read together, and the policy remains in full force and effect except as altered by the words of the endorsement."

13A, Appleman, *Insurance Law and Practice*, § 7537. *See also, Swift & Co. v. Zurich Ins. Co.*, 511 S.W.2d 826, 832 (Mo.1974) ("Endorsements do not limit or change the basic policy except as specifically set out in the endorsement.")

■ Accordingly, this Court hereby holds that the twelve month limitation on the commencement of an action contained in the West Virginia Standard Fire Insurance Policy issued to the Plaintiffs by the Defendant applies to the water damage and loss of rental endorsements attached to that policy where those endorsements do neither expressly extend nor abrogate the twelve month limitation period.[9] This holding is consistent with the position taken by the other courts which have specifically addressed this issue.

In *Riteway Builders, Inc. v. First National Ins. Co. of America*, 22 Wis.2d 418, 126 N.W.2d 24 (1964), plaintiff brought an action on August 30, 1962, to recover under an endorsement to a standard fire insurance policy for the collapse of a basement wall. The collapse took place on November 14, 1957, nearly five years before plaintiff commenced the action. Defendant argued that the action was barred by the one year limitation period contained in the standard fire insurance policy. Plaintiff, however, argued that the one year limitation period applied only to losses caused by fire and lightning, and not against other types of losses insured against by endorsements to the standard fire policy. In rejecting plaintiff's argument, and holding the action barred, the Supreme Court of Wisconsin stated:

"The standard form plus the endorsements and riders attached thereto constitute the policy and all parts must be read together .... [W]e must read the limitation in the standard part of the policy with the endorsements to deny recovery."

*Riteway Builders, Inc. v. First National Ins. Co. of America, supra*, 126 N.W.2d at 26.

In *Tucker v. Hartford Fire Ins. Co.*, 107 N.H. 170, 219 A.2d 290 (1966), defendant issued a three year standard fire insurance policy to the plaintiff's decedent on November 28, 1956. On August 17, 1958, plaintiff purchased a windstorm endorsement to the fire policy. On August 31, 1959, the insured's dwelling was damaged by a windstorm. Plaintiff, however, did not commence a lawsuit to recover on the policy (windstorm endorsement) until October 16, 1963. On appeal, the Supreme Court of New Hampshire held that the windstorm endorsement became an integral part of the original fire insurance policy and that "the endorsement, which had no specific limitation for the commencement of actions, became subject to the [limitation] provisions ... to which the original policy was made specifically subject." [10]

---

**9.** Without the benefit of case citations, Plaintiffs argue that the attachment of the water damage and loss of rentals endorsement to the Standard Fire Insurance Policy in some way changes the character of that policy from one of fire insurance to that of liability insurance as defined in *W.Va.Code*, § 33–1–10(e)(2), which provides:

"Liability insurance, which is insurance against legal liability for the death, injury or disability of any human being, or for damage to property; and provision for medical, hospital, surgical, disability benefits to injured persons and funeral and death benefits to dependents, beneficiaries, or personal representatives of persons killed, irrespective of legal liability of the insured, when issued as

an incidental coverage with or supplemental to liability insurance."

Plaintiffs take this position in an effort to come within the provisions of *W.Va.Code*, § 33–6–14, which would void the twelve month limitation period, leaving only the ten year statute of limitation on the commencement of an action on a written contract. *See W.Va.Code*, § 55–2–6.

**10.** In *Tucker*, the New Hampshire court concluded that the action on the windstorm endorsement was not barred since the action was brought within the period of time prescribed by Chapter 407, Section 17 of the New Hampshire Revised Statutes, which was incorporated by reference into the standard fire policy, and because the one year limitation period which was

### III. Computation of the Sixty Day Proof of Loss and Twelve Month Limitation Periods

In West Virginia, a cause of action on the West Virginia Standard Fire Insurance Policy does not accrue until the expiration of sixty days after the loss occurs. See *Kirk v. Firemen's Ins. Co., supra.* In recent years, the West Virginia Supreme Court of Appeals has adopted the view that a loss occurs when the plaintiff actually learns *or* by the exercise of reasonable diligence should have learned of the occurrence of the loss. See *Family Savings and Loan, Inc. v. Ciccarello,* 157 W.Va. 983, 991, 207 S.E.2d 157, 161–62 (1974) ("We believe that the discovery rule . . . represents a distinct and marked trend in recent decisions of appellate courts throughout the nation . . . .") (legal malpractice); *Morgan v. Grace Hospital, Inc.,* 149 W.Va. 783, 144 S.E.2d 156 (1965) (medical malpractice). Accordingly, the West Virginia Supreme Court of Appeals would likely hold that the one year and sixty day limitation period, as established in *Kirk,* did not begin to run until Plaintiffs actually learned *or* by the exercise of reasonable diligence should have learned of the damage to their insured property.

### IV. Plaintiffs' Action to Recover on a West Virginia Standard Fire Insurance Policy is Barred by the One Year and Sixty Day Limitation Period

The commencement of an action on a West Virginia Standard Fire Insurance Policy within one year and sixty days of the discovery of the loss is a condition precedent to any recovery on that policy in a court of law.[11] Defendant has specifically pleaded this contract limitation period as a bar to Plaintiffs' cause of action. See *Rule* 8(c), Federal Rules of Civil Procedure. De-fendant argues that it is entitled to judgment as a matter of law inasmuch as there is no genuine issue of material fact that Plaintiffs did not commence their action within the contractual limitation period.

For the purposes of resolving Defendant's motion for summary judgment, the parties have stipulated the following facts: [12]

1. That the first cracks that appeared in the northeastern corner of Plaintiffs' apartment building were discovered in November of 1974;

2. That after repairs were made, the cracks reappeared at or about the same place in the spring of 1976;

3. That in July of 1978, while repairing the building, Plaintiffs discovered the separated P-trap; and

4. Plaintiffs initially filed suit on this claim in the Circuit Court of Monongalia County, West Virginia, on October 11, 1979.

On the basis of the foregoing stipulations, it is apparent that Plaintiffs actually discovered the separated P-trap which they allege caused the damage to their insured apartment in July of 1978. Excluding the first sixty days after the discovery of the separated P-trap, Plaintiffs did not commence their action within one year as required by the policy.[13] Accordingly, Plaintiffs cannot maintain this action since they have failed to comply with a condition precedent called for by the insurance contract. As a result, this Court hereby grants Defendant's motion for summary judgment.

The Clerk is directed to send a certified copy of this Memorandum Opinion and Order to counsel of record.

---

also contained in the original policy had previously been held void.

11. Notes 5 and 6, *supra.*

12. *See* Stipulation filed January 28, 1982.

13. Plaintiffs commenced Civil Action No. 79–0063–C(H) in the Circuit Court of Monongalia County on October 11, 1979. On November 2, 1979, Defendant removed that action to this Court, pursuant to 28 U.S.C. § 1446. On September 28, 1981, this Court dismissed Civil Action No. 79–0063–C(H) without prejudice. On October 2, 1981, Plaintiffs filed this civil action pursuant to the abatement statute provided for in *W.Va.Code,* § 55–2–18.