**LASALLE BANK NATIONAL ASSOCIATION, f.k.a. LaSalle National Bank Plaintiff**

v.

**LEHMAN BROTHERS HOLDINGS, INC. Defendant**

**No. CIV. H–01–2260.**

United States District Court, D. Maryland.

March 7, 2002.

Gregory A. Cross, Paul D. Barker, Jr., Heather Deans Foley, Venable Baetjer and Howard, LLP, Baltimore, MD, for plaintiff.

Ralph N. Albright, Jr., Morgan Lewis and Bockius LLP, Washington, DC, David R. Lipson, O'Melveny and Myers, LLP, McLean, VA, William Olshan, Lehman Brothers, Inc., New York City, for defendant.

## MEMORANDUM AND ORDER

ALEXANDER HARVEY, II, District Judge.

In this civil action, plaintiff LaSalle Bank National Association ("LaSalle Bank") is seeking specific performance of a written contract and also damages for breach of contract. Named as the sole defendant is Lehman Brothers Holdings, Inc. ("Lehman"). Plaintiff LaSalle is a nationally chartered bank located in Illinois, and defendant Lehman is a Delaware corporation with its principal place of business in New York City. Diversity jurisdiction exists under 28 U.S.C. § 1332(a).

The contract at issue was executed by Lehman and by First Union Commercial Mortgage Securities, Inc. ("First Union") on November 1, 1997. Termed a Mortgage Loan Purchase Agreement ("MLPA"), the contract provided for the sale of certain mortgage loans by Lehman to First Union. Pursuant to the MLPA, the mortgages were to be deposited by First Union into a trust fund. Lehman intended that the trust fund would be created and certificates would be issued pursuant to a Pooling and Service Agreement ("PSA") bearing the same date as the MLPA. Plaintiff LaSalle serves as the Trustee of the trust.

In its complaint, plaintiff alleges that Lehman breached certain representations and warranties and certain remediation provisions of the MLPA. It is alleged that, notwithstanding representations and warranties of Lehman, a property covered by a mortgage and note sold by Lehman to First Union was environmentally contaminated, and that the borrower was in default under its mortgage at the time that the MLPA and the PSA were executed. In Count 1 of the complaint, plaintiff LaSalle seeks specific performance of the contract, and in Count 2, plaintiff LaSalle has demanded damages for breach of contract.

On November 30, 2001, the Court entered a Scheduling Order. On December 12, 2001, defendant filed, pursuant to Rule 12(c), F.R.Civ.P., a motion for judgment on the pleadings. At the request of counsel, an Order was entered on December 27, 2001 staying the requirements of the Scheduling Order pending briefing of defendant's motion for judgment on the pleadings. After plaintiff had filed an opposition to defendant's motion, the Court, after reviewing the evidentiary materials submitted, decided, within the exercise of its discretion, to convert defendant's Rule 12(c) motion into a motion for summary judgment. The Court's ruling was set forth in its letter to counsel of January 14, 2002. Thereafter, further memoranda, af-

fidavits and other evidentiary materials were submitted by the parties in support of and in opposition to defendant's pending motion for summary judgment.

Following its review of counsel's submissions, this Court concludes that no hearing is necessary for a ruling on the pending motion for summary judgment. *See* Local Rule 105.6. For the reasons stated herein, defendant's motion for summary judgment will be denied.

## I

### The Parties' Arguments

In support of its motion for summary judgment, defendant Lehman contends that this action is barred by limitations. Plaintiff's complaint was filed in this Court on August 1, 2001. According to defendant, this was after the applicable three year Maryland statue of limitations had expired.

The complaint alleges that certain representations and warranties made by Lehman in the MLPA are not true as of November 1, 1997, when the MLPA and the PSA were signed. According to defendant Lehman, any alleged breach on its part occurred on November 1, 1997, which was three years and nine months before plaintiff's complaint was filed in this Court on August 1, 2001.

In opposing the pending motion, plaintiff first argues that defendant has mischaracterized the claims being asserted by LaSalle as Trustee. According to plaintiff, plaintiff's claims are for defendant's breach of obligations resulting from Lehman's failure to cure breaches of warranty or to repurchase the so-called FEL Facility Mortgage Loan within 90 days of receiving notice of those breaches. Since notice was sent to Lehman on December 11, 2000 and since Lehman failed to cure the breach or repurchase the mortgage loan within the 90 day period, plaintiff contends that its claim did not accrue until March 11, 2001.

Plaintiff further argues that, even if it were merely asserting claims for breaches of warranties, such claims would under Maryland's discovery rule not accrue and the three year limitations period would not begin to run until LaSalle Bank had learned of each element of its claims. According to plaintiff LaSalle Bank, it did not learn about the environmental contamination of the FEL Facility property until after October 9, 2000. Plaintiff maintains that it was only after learning about this environmental contamination that LaSalle Bank discovered that Lehman's representations and warranties regarding the FEL Facility were false and thus learned that it had viable claims against Lehman.

## II

### Applicable Principles of Law

The principles to be applied by this Court in considering a motion for summary judgment under Rule 56, F.R.Civ.P., are well established. A party moving for summary judgment bears the burden of showing the absence of any genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir.1984). Where, as here, the nonmoving party will bear the ultimate burden of persuasion at trial, "the burden on the moving party [at the summary judgment stage] may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In *Phoenix Sav. & Loan, Inc. v. Aetna Cas. Co.*, 381 F.2d 245, 249 (4th Cir.1967), the Fourth Circuit Court of Appeals summarized the principles applicable under Rule 56 as follows: "It is well settled that summary judgment should not be granted

unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under any circumstances." *Id.* Hence, the party opposing a motion for summary judgment is entitled to all favorable inferences which can be drawn from the evidence. *See, e.g., Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Cram v. Sun Ins. Office, Ltd.,* 375 F.2d 670, 674 (4th Cir.1967).

The party moving for summary judgment has the burden of establishing that there is no genuine issue of material fact. *Barwick,* 736 F.2d at 958. This burden is met by consideration of affidavits, exhibits, depositions and other discovery materials. *Id.* Nevertheless, "[t]he facts, and the inferences to be drawn from the facts, must be viewed in the light most favorable to the party opposing the motion." *Ballinger v. North Carolina Agric. Extension Serv.,* 815 F.2d 1001, 1004–05 (4th Cir. 1987), *cert. denied,* 484 U.S. 897, 108 S.Ct. 232, 98 L.Ed.2d 191 (1987) (citing *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir.1985)).

█ Under Maryland law, a civil action must be filed within three years of the date when the cause of action accrues. Md.Code Ann. Cts. & Jud. Proc. § 5–101. The question when an action accrues is left to judicial determination. *Harig v. Johns–Manville Products Corp.,* 284 Md. 70, 75, 394 A.2d 299 (1978). In *Poffenberger v. Risser,* 290 Md. 631, 431 A.2d 677 (1981), the Court of Appeals concluded that the running of limitations against a cause of action is triggered when the alleged wrong is discovered. The Court held that the discovery rule was applicable generally in all actions and that a cause of action accrues when the claimant in fact knew or reasonably should have known of the wrong. *Id.* at 636, 431 A.2d 677.

## III

### *Discussion*

Although the parties have exchanged interrogatories and document requests, it does not appear that any depositions have been taken. At the parties' request, the Court, by Order dated December 27, 2001, has stayed requirements of the Court's Scheduling Order until after the Court had ruled on the pending motion for judgment on the pleadings.

In support of its opposition to defendant's pending motion, plaintiff has submitted three affidavits and several exhibits. Defendant in turn has disputed some of the facts established by plaintiff's affidavits and has submitted two declarations and several exhibits with its reply memorandum. Plaintiff has in turn filed a supplemental memorandum together with affidavits and exhibits.

Plaintiff maintains that this is a breach of contract action, alleging in particular the breach by defendant of the cure and repurchase clauses contained in the MLPA and the PSA. Defendant contends that these provisions are remedies only, and are not grounds for an independent cause of action. According to defendant, plaintiff is in fact asserting claims for breach of warranties and representations contained in the agreements.

The MLPA and the PSA required that Lehman be given notice of any breach of its representations and warranties with respect to any mortgage. After receiving notice, Lehman was required to cure the breach or repurchase the mortgage within 90 days. Notice was given by LaSalle Bank to Lehman on December 11, 2000 that Lehman had breached its representations and warranties with respect to the FEL Facility property. On January 25, 2001, Lehman denied the existence of any breach and refused to cure the alleged

breach or repurchase the mortgage. Plaintiff characterizes its claim as being one for breach of the obligation to cure a breach or repurchase the mortgage within 90 days of receiving notice. In Paragraph 40 of Count 2 of the complaint, plaintiff alleges: "Lehman has breached paragraph 3(c) of the MLPA and Section 2.03 of the PSA because it has refused to repurchase the mortgage loan related to the FEL Facility within 90 days of receiving notice of its breach of the representations and warranties contained in paragraph 3 of the MLPA."

■ On the record here, this Court concludes that plaintiff has in its complaint alleged a breach of contract claim for breach of the cure and repurchase clauses contained in the MLPA and the PSA. Plaintiff has characterized its cause of action as being at least in part based on a violation of the cure and repurchase provisions of the agreements, and there is no indication in the record here that these provisions were not capable of being breached. After the facts have been fully developed by discovery, the Court will be able at a later date to determine whether plaintiff's claims are for breach of contract or for breach of warranties.

Relying on *Poffenberger*, plaintiff contends that, even if its claims are for breaches of warranties, it was not, pursuant to Maryland's discovery rule, on notice of defendant's breach until October 9, 2000 and that this suit was therefore timely filed on August 1, 2001. Defendant in turn contends that the *Poffenberger* principles do not apply to the claims asserted here by plaintiff. In *Catholic Univ. of America v. Bragunier Masonry Contractors, Inc.*, 139 Md.App. 277, 775 A.2d 458 (2001), *cert. granted* 366 Md. 246, 783 A.2d 221 (2001), the Court of Special Appeals held that in a breach of contract action, the action ordinarily accrues, in the absence of fraud concealing the cause of action, from the date of breach and not from the date of discovery, and that limitations hence begin to run on the date of the breach. *Id.* at 298, 775 A.2d 458. The Court accordingly held that the discovery rule recognized in *Poffenberger* does not apply to actions for breach of contract. *Id.*

This Court will not apply this ruling at this early stage of this case. The Court of Appeals of Maryland granted certiorari in the *Catholic University* case, and the appeal is presently pending before that Court. Until the Court of Appeals renders its decision, this Court will assume for the purpose of ruling on the pending motion that the *Poffenberger* principles apply here. When the Court of Appeals has decided the *Catholic University* case, defendant may, if appropriate, file a renewed motion for summary judgment if a decision which is dispositive of this case has been rendered. One of the issues now before the Court in this case is whether plaintiff reasonably should have known of the wrong more than three years before this suit was filed.

■ A dispute of fact exists as to when plaintiff should have been aware of the alleged breach. Defendant argues that environmental reports received by plaintiff with the mortgage file would have reasonably alerted plaintiff to the wrong alleged in the complaint. According to defendant, the two environmental reports submitted with the mortgage file showed that ground water at the location of FEL Facility property was contaminated. Defendant contends that the PSA required the trustee to acknowledge receipt of the file, to review it within 90 days and, if something was missing, to request it.

Following its review of the record here, this Court concludes that the disputed limitations issues here cannot be decided as a matter of law at this early stage of the case. The parties' affidavits are conflict-

**600**

ing. When reasonable inferences are drawn from facts of record in favor of plaintiff, the Court concludes that there are disputes of material fact which cannot be finally determined in favor of defendant.

This case concerns a complex financing vehicle often used for commercial and multifamily residential mortgages. In view of the complexities of the contractual relationships between the parties, this is not a case in which no disputed issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law. *See Podberesky v. Kirwan,* 38 F.3d 147, 156 (4th Cir.1994); *Stevens v. Howard D. Johnson Co.,* 181 F.2d 390, 394 (4th Cir.1950). Rather, at this stage of the case when the facts have not been developed by discovery, inquiry into the facts is indeed desirable in order to clarify the law which pertains to the limitations issues raised. It cannot be determined as a matter of law on the present record whether the three year limitations period began to run on November 1, 1997 or whether it began to run on October 9, 2000 or whether it began to run on March 11, 2001. The parties should proceed with discovery and if the facts support such a motion, defendant would be entitled to file a renewed motion for summary judgment based on the contention that plaintiff's claims are barred by limitations.

For these reasons, defendant's motion for summary judgment will be denied without prejudice to the right of defendant to file a renewed motion for summary judgment after discovery has been completed. Accordingly, it is this 7th day of March, 2002 by the United States District Court for the District of Maryland,

ORDERED that the motion for judgment on the pleadings of defendant Lehman Brothers Holdings, Inc., treated here-in as a motion for summary judgment, is hereby denied.